John W. DOE, Respondent,

v.

REDEEMER LUTHERAN CHURCH,
Appellant (C3–94–1797), Respondent
(C9–94–1786),

Minnesota North District of the
Lutheran Church–Missouri
Synod, et al., Defendants,

Pastor Daniel Reeb, Appellant (C9–94–
1786), Respondent (C3–94–1797).

Nos. C9–94–1786, C3–94–1797.

Court of Appeals of Minnesota.

Nov. 12, 1996.

Review Denied Jan. 15, 1997.

Jeffrey R. Anderson, Mark A. Wendorf, Barbara J. Felt, Reinhardt and Anderson, St. Paul, for Respondent Doe.

Richard L. Pemberton, Jr., Christopher J. Schulte, W.D. Flaskamp, Meagher & Geer, P.L.L.P., Minneapolis, for Appellant/Respondent Redeemer Lutheran Church.

Kenneth F. Daniels, Minneapolis, for Appellant/Respondent Reeb.

Considered and decided by PARKER, P.J., and SCHUMACHER and MULALLY*, JJ.

## OPINION

SCHUMACHER, Judge.

Respondent John W. Doe alleged he was sexually abused by appellant Pastor Daniel Reeb, and a jury found in favor of Doe on his claims against Pastor Reeb and appellant Redeemer Lutheran Church (Redeemer). Pastor Reeb and Redeemer appealed the judgment and order denying post-trial motions, and this court affirmed. *Doe v. Redeemer Lutheran Church*, 531 N.W.2d 897

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

(Minn.App.1995), *review granted* (Minn. July 20, 1995). The supreme court granted review and stayed adjudication pending its decision in *Blackowiak v. Kemp,* 546 N.W.2d 1 (Minn.1996) (*Blackowiak II* ). After deciding *Blackowiak II,* the supreme court remanded this case for consideration in light of *Blackowiak II.* We affirm.

## FACTS

In 1991, Doe sued Pastor Reeb for sexual battery, clergy malpractice, and breach of fiduciary duty. He sued Redeemer, the Minnesota North District of the Lutheran Church–Missouri Synod, and the Lutheran Church–Missouri Synod under a theory of respondeat superior, and negligent hiring, retention, and/or supervision. He also sued Redeemer under a general negligence theory.

Pastor Reeb was a minister and youth program teacher at Redeemer from 1961 until 1979. He lived in an apartment at the church's teen center. Pastor Reeb was Doe's instructor in confirmation classes. Doe often accompanied Pastor Reeb to make calls or visit other churches, and Doe so admired Pastor Reeb that he wanted to be a minister. Doe also attended summer church camp and occasionally stayed overnight at Pastor Reeb's apartment. From 1967 to 1969, when Doe was 13 to 16 years old, Doe and Pastor Reeb engaged in mutual masturbation. Pastor Reeb admitted to engaging in these acts.

Before his abuse, Doe was a good student and an active athlete. After the abuse, his grades dropped and he quit playing team sports. He was hospitalized after attempting suicide during his late teens. Doe was married in 1973, and during the marriage he abused alcohol and suffered from social phobia.

Doe sought therapy to deal with these problems. He saw Dr. Marcus Desmonde in 1975 because of his panic attacks. In 1987, he entered an inpatient treatment program for alcohol abuse. During treatment, he told the counselor there had been "sexual contact" between him and his minister. The counselor noted in her records that Doe "owned his fears * * * 2 experiences of child abuse as child/then as an adolescent," but the issue was not pursued. Doe was unable to maintain sobriety. He went into therapy with Dr. Shirley Levine, a psychotherapist, and began working on shame issues. In November 1990, Doe told Dr. Levine about the sexual contact. Doe testified that although he always knew something sexual had happened with Pastor Reeb, it was not until his treatment with Dr. Levine that he realized that what Pastor Reeb did was sexual abuse. Dr. Faris Keeling, who continued therapy with Doe after Dr. Levine retired, testified that Doe did not realize the sexual contact with Pastor Reeb was abusive until "it was labeled abuse by Shirley Levine * * *." Dr. Keeling stated that before Doe identified the conduct as abuse, he had only "a vague sense of having a—a shameful secret and not even himself being very aware of what that was about."

Dr. Joel Peskay, a licensed psychologist, testified that it is a common pathology of sexual abuse "that a victim who is being abused does not recognize it is abuse at the time it's happening." Dr. Dennis Philander, a psychiatrist, testified that when a child is sexually abused, he or she often does not perceive the encounter as sexual abuse. He also agreed that

> it's a common pathology for victims of this kind to not be able to identify what experience it is they went through as sexual abuse.

Dr. Levine testified the abuse was causally related to Doe's depression, phobic behavior, and shame. Dr. Keeling also testified that the sexual abuse contributed to Doe's depressional social phobia, chemical dependence, and post-traumatic stress disorder.

The jury found that the sexual abuse by Pastor Reeb was a direct cause of the injury or harm to Doe; Redeemer was negligent in allowing or permitting the abuse to occur; Redeemer's negligence was a direct cause of Doe's injury; and the Minnesota North District of the Lutheran Church–Missouri Synod and the Lutheran Church–Missouri Synod were not negligent in permitting the abuse to occur. The jury also found that Pastor Reeb was acting within the scope and course of his employment when he committed the abuse.

Finally, the jury gave the answer "1990" to the following question on the special verdict form:

> When would a reasonable person, in the same or similar circumstances as Plaintiff [Doe], have known, or should such person have known, that he was sexually abused and harmed by Defendant Daniel Reeb[?]

Judgment was entered against Redeemer and Pastor Reeb in the amount of $643,808. Redeemer moved for judgment notwithstanding the verdict, amended findings, and a new trial. The district court denied the motion, and Redeemer and Pastor Reeb appealed.

### ISSUE

Given the supreme court's ruling in *Blackowiak II*, are Doe's claims of sexual abuse barred by the statute of limitations?

### ANALYSIS

In this remand we address only the issues pertinent to the supreme court's ruling in *Blackowiak v. Kemp*, 546 N.W.2d 1 (Minn. 1996) (*Blackowiak II*). We do not address the issue of Redeemer's negligence, which was resolved in our initial opinion. *See Doe v. Redeemer Lutheran Church*, 531 N.W.2d 897, 901–02 (Minn.App.1995), *review granted* (Minn. July 20, 1995).

Redeemer and Pastor Reeb argue this case is now controlled by *Blackowiak II* and as a matter of law Doe's claims are time-barred. We disagree.

The statute of limitations for civil damages caused by sexual abuse, commonly called the delayed discovery rule, provides:

> An action for damages based on personal injury caused by sexual abuse must be commenced within six years of the time the plaintiff knew or had reason to know that the injury was caused by the sexual abuse.

Minn.Stat. § 541.073, subd. 2(a) (Supp.1991). Here, the abuse occurred from 1967 to 1969, and Doe commenced this action in 1991. The question, therefore, is whether Doe knew or should have known before 1985 that he had been sexually abused.

The supreme court construed Minn.Stat. § 541.073, subd. 2(a) for the first time in *Blackowiak II*. 546 N.W.2d at 2. In *Blackowiak II*, Mark Blackowiak alleged that in 1970, when he was an 11–year–old seventh grader, his school counselor, Richard Kemp, sexually abused him. *Id.* at 2. At the time of the alleged abuse, Blackowiak told a friend to "watch out for" Kemp and admitted to his mother that Kemp had done something wrong. *Id.* Over the years, Blackowiak saw a therapist and one or two counselors, but he could not discuss the abuse because he was ashamed of it. *Id.* In 1981, Blackowiak saw Kemp with a young boy and "freaked out" because he assumed Kemp was abusing the boy. *Id.* He said it was not until a conversation in 1991 that he realized that his problems with drugs, alcohol, crime, and personal relationships were the result of Kemp's abuse. *Id.* Blackowiak sued Kemp, but the district court concluded that the action was barred by the statute of limitations and granted summary judgment of dismissal. *Id.* This court reversed, holding that the evidence did not conclusively show that Blackowiak knew or should have known before 1986 that the abuse caused his psychological injuries. *See Blackowiak v. Kemp*, 528 N.W.2d 247, 253 (Minn.App.1995), *review granted* (Minn. Apr. 27, 1995) (*Blackowiak I*).

The supreme court reversed the court of appeals and reinstated the summary judgment. *Blackowiak II*, 546 N.W.2d at 2. The supreme court reasoned that the court of appeals misapprehended the statute by focusing on causation, i.e., when Blackowiak knew or should have known that the abuse caused his damages. *Id.* at 3. Noting that "as a matter of law one is 'injured' if one is sexually abused," the court held that the "ultimate question" is "the time at which the complainant knew or should have known that he/she was sexually abused." *Id.* This "question is answered by an application of the objective, reasonable person standard." *Id.* The court concluded that although "whether a plaintiff had reason to know of the abuse is generally a question for a jury," the evidence "overwhelmingly" established that Blackowiak knew of the abuse long before 1986 and his cause of action was therefore barred as a

matter of law by Minn.Stat. § 541.073, subd. 2(a). *Id.*

*Blackowiak II* does not require a reversal of this case. As an initial matter, we note that *Blackowiak II* involved the district court's grant of summary judgment, whereas we are reviewing a jury verdict. More importantly, the evidence does not indicate Doe knew before 1985 that he was sexually abused.

■ Unlike. *Blackowiak I*, our decision does not rest on the concept of causation. The jury instructions and the special verdict form show that the jury was not asked to determine when Doe realized that his injuries were caused by sexual abuse. Instead, the jury was asked when Doe "knew or should have known that he had been both abused and harmed by Defendant Daniel Reeb." This instruction falls within the mandates of *Blackowiak II,* which requires the factfinder to determine when a plaintiff "knew or should have known that he/she was sexually abused." 546 N.W.2d at 3. The "and harmed" language in the instruction is superfluous because, as the supreme court recognized, "as a matter of law one is 'injured' if one is sexually abused." *Id.*

■ The evidence supports the jury's determination that it was not until 1990 that Doe knew or should have known he was abused. Doe and Dr. Keeling explicitly testified that Doe did not know he had been abused until his treatment with Dr. Levine. Furthermore, the jury verdict is consistent with an objective, reasonable person standard. *See Blackowiak II,* 546 N.W.2d at 3 (applying objective standard). Experts testified that it is common for victims of sexual abuse not to know they have been abused until sometime after the abuse.

Given the evidence, we cannot say the statute of limitations question can be decided as a matter of law. We thus uphold the jury verdict. The jury heard the testimony of Doe and the experts and properly made decisions about the witnesses' credibility and the weight to be given their testimony. *See id.* (whether plaintiff knew of abuse is jury question); *SCSC Corp. v. Allied Mutual Ins. Co.,* 536 N.W.2d 305, 311 (Minn.1995) (jury deter-

mines weight and credibility to be given to testimony).

## DECISION

The evidence supports the jury's finding that a reasonable person in Doe's circumstances would not know that he was abused until 1990. The statute of limitations does not bar Doe's claim.

**Affirmed.**