Dale SCHEFFLER, Respondent,

v.

ARCHDIOCESE OF ST. PAUL AND MINNEAPOLIS, et al., Appellants (C3–96–1982), Defendants (C2–96–1987),

Father Robert Kapoun, Defendant (C3–96–1982), Appellant (C2–96–1987).

Nos. C3–96–1982, C2–96–1987.

Court of Appeals of Minnesota.

May 27, 1997.

Review Denied July 28, 1997.

Jeffrey R. Anderson, Mark A. Wendorf, Barbara J. Felt, Reinhardt and Anderson, St. Paul, for respondent Dale Scheffler.

Andrew J. Eisenzimmer, John C. Gunderson, Meier, Kennedy & Quinn, Chartered, St. Paul, for appellant Archdiocese of St. Paul and Minneapolis.

Frederick C. Brown, Donald R. McNeil, Bennett, Brown, Ingvaldson, Coaty & McNeil, P.A., Minneapolis, for appellant Father Robert Kapoun.

Considered and decided by TOUSSAINT, C.J., and RANDALL and EDWARD D. MULALLY *, JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Respondent Dale Scheffler brought this action against appellants the Archdiocese of St. Paul and Minneapolis and one of its priests, Father Robert Kapoun, for injuries arising out of Kapoun's alleged sexual abuse of Scheffler. Appellants challenge the trial court's denial of their motions for summary judgment, directed verdict, judgment notwithstanding the verdict (JNOV), review of the punitive damages award, and a new trial. Because the trial court erred in denying summary judgment, we reverse.

## FACTS

In 1981, Father Robert Kapoun invited Dale Scheffler, a 14–year–old boy from his parish, to accompany him and another young boy to his family cabin. The boys were to assist in cleaning up the yard and stay overnight. Upon arrival, the group went swimming. While in the water, Kapoun rubbed his penis against Scheffler. At bedtime, Kapoun instructed that he would sleep between the two boys on the floor. Scheffler alleged that as he lay on the floor, Kapoun rubbed his penis on the inside of Scheffler's thigh and ejaculated. Later that night, Scheffler awoke again. His underwear was down and Kapoun had his penis between Scheffler's buttocks. Kapoun attempted anal penetration.

Scheffler stated in his deposition that he could not recall what he was thinking during these incidents. He remembered, however, that the penetration hurt. Kapoun said nothing to Scheffler during these instances and never talked about them later. A few days after returning from the cabin, Scheffler mentioned the incidents to his mother. He recalled stating "something to the effect that it seemed funny or something." Scheffler contends that during the years after the incidents he began abusing alcohol and drugs, lost his self-confidence, experienced relationship problems, and eventually entered chemical abuse treatment.

In 1994, Scheffler brought this action against appellants, claiming that he did not characterize the incidents as abuse or know that they had injured him until 1993 when his pastor first labeled the acts as abusive. The trial court denied appellants' motions for summary judgment which were based on the

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

statute of limitations, negligent retention, negligent supervision, and constitutional issues. The case proceeded to the first phase of trial. The jury found appellants liable and awarded Scheffler $550,000 in compensatory damages. The trial court denied appellants' motions for a directed verdict and proceeded to the second phase of trial on the issue of punitive damages. The jury awarded $600,000 in punitive damages.

Appellants now seek review of the denial of their motions for summary judgment, a directed verdict, and their posttrial motions. Appellants contend the claims are barred by the statute of limitations as interpreted in *Blackowiak v. Kemp,* 546 N.W.2d 1 (Minn. 1996) (*Blackowiak II* ), which was decided after the denial of their posttrial motions.

## ISSUE

Did the trial court err in denying summary judgment based on the delayed discovery statute of limitations?

## ANALYSIS

On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990).

Torts resulting in personal injury are generally subject to a two-year statute of limitations. Minn.Stat. § 541.07 (1994). If a plaintiff is under the age of 18 when the cause of action accrues, however, the statute of limitations is suspended until one year after the plaintiff reaches the age of majority. Minn.Stat. § 541.15(a)(1) (1994).

A special "delayed discovery" rule applies to cases of alleged sexual abuse, providing:

> An action for damages based on personal injury caused by sexual abuse must be commenced within six years of the time the plaintiff knew or had reason to know

that the injury was caused by the sexual abuse.

Minn.Stat. § 541.073, subd. 2(a) (1994).

The determination of when a reasonable person in a claimant's position should know that he or she has been sexually abused requires an objective inquiry and is normally a fact question for a jury. *M.L. v. Magnuson,* 531 N.W.2d 849, 855 (Minn.App. 1995), *review denied* (Minn. July 20, 1995). Summary judgment is appropriate, however, where there is compelling evidence that a reasonable person in the same situation as the complainant should have known that he or she was abused. *See Roe v. Archdiocese of St. Paul & Minneapolis,* 518 N.W.2d 629, 632 (Minn.App.1994) (affirming summary judgment), *review denied* (Minn. Aug. 24, 1994).

The supreme court recently construed Minn.Stat. § 541.073 in *Blackowiak II,* 546 N.W.2d at 1. In *Blackowiak II,* the plaintiff claimed that in 1970 or 1971, when he was 11 years old, his school counselor sexually abused him. *Id.* at 2. At the time of the alleged abuse, Blackowiak told a friend to "watch out" for the counselor, and he told his mother that the counselor had done something "wrong" to him. *Id.* Prior to 1981, he saw several counselors, but was unable to discuss the abuse because he was ashamed. *Id.* He claimed that it was not until a 1991 conversation that he realized that his problems with drugs, alcohol, crime, and relationships were the result of the abuse. *Id.*

The district court found Blackowiak's claim barred by the delayed discovery statute. *Id.* This court reversed, holding that the evidence did not conclusively show that Blackowiak knew or should have known before 1986 that the abuse caused his psychological injuries. *Blackowiak v. Kemp,* 528 N.W.2d 247, 253 (Minn.App.1995) (*Blackowiak I* ). The supreme court reversed and reinstated summary judgment. *Blackowiak II,* 546 N.W.2d at 2.

The supreme court rejected Blackowiak's argument that he did not know that he had been injured by the conduct until 1991. *Id.* at 3. The court held summary judgment was appropriate because the facts established that Blackowiak knew or should have known

more than six years prior to the initiation of his suit that he had been sexually abused. *Id.* The court stated:

> [C]oncepts of sexual abuse and injury within the meaning of the statute are essentially one and the same, not separable—*as a matter of law one is 'injured' if one is sexually abused.*

*Id.* (emphasis added). Blackowiak did not need to have "verbalized or formally 'acknowledged'" that he had been abused for the statute to begin to run. *See id.*

In denying summary judgment here, the trial court relied on this court's ruling in *Blackowiak I* and found the facts to be analogous to that case. We now review in light of the supreme court's reversal. *See American Family Mut. Ins. Co. v. Ryan,* 330 N.W.2d 113, 115 (Minn.1983) (judicial decisions given retroactive effect absent instructions to the contrary).

█ Prior to trial, at the time appellants moved for summary judgment, undisputed material facts in the record established that Scheffler remembered Kapoun's sexual conduct during the overnight. Scheffler's deposition sets forth in detail Kapoun's conduct at that time. Scheffler also stated that he could not recall what he was thinking during the incidents. He had no prior sexual experiences, and the events confused him. Neither he nor Kapoun stated anything during the contact, but Scheffler remembered Kapoun's actions. Scheffler's psychologist reported that Scheffler's memories of the sexual contact became less "accessible" due to his denial and his substance abuse during the years after the conduct but that Scheffler never forgot the incidents.

In light of the supreme court's ruling in *Blackowiak II,* we conclude that as a matter of law a reasonable person in Scheffler's situation knew or should have known of the sexual abuse more than six years prior to the time when he brought this action.

Scheffler contends that *Doe v. Redeemer Lutheran Church,* 555 N.W.2d 325 (Minn. App.1996), *review denied* (Minn. Jan. 15, 1997), should control. We disagree. In *Redeemer,* a Lutheran minister engaged a 13–year–old boy in mutual masturbation. *Id.* at 326. While Doe stated that he always knew something sexual had happened with his pas-

tor, it was not until he received counseling that he realized that it was abuse. *Id.* One of his doctors stated that Doe had only "a vague sense of having a—a shameful secret and not even himself being very aware of what that was about." *Id.* Doe provided an expert who testified that it is a common pathology of children who have been abused not to have perceived the encounter as sexual abuse. *Id.* This court found the expert opinion significant as to whether a reasonable person in Doe's situation knew or should have known of the abuse and affirmed the jury verdict. *Id.* Like Doe, Scheffler argues that he did not recognize the encounter with Kapoun as abuse until 1993, when his pastor called it abuse.

We conclude that this case is analogous to *Blackowiak II* and that *Redeemer* is not controlling here. While Scheffler offered some expert testimony on the perceptions of sexual abuse victims at trial, he did not provide an expert opinion on that issue at the time of the summary judgment hearing. Moreover, this case is distinguishable from *Redeemer* because Scheffler's deposition clearly shows that he remembered Kapoun's actions. At the time of the hearing on the motion for summary judgment, Scheffler could remember the details of three incidents of sexual conduct initiated by Kapoun in June 1981, and Scheffler never forgot them. As a matter of law, a reasonable person in Scheffler's situation should have known, at least by the time of sexual maturity, that he had been sexually abused. Thus, the trial court erred in denying summary judgment. Because this issue is dispositive, we need not address the remaining issues.

## DECISION

As a matter of law, a reasonable person in Scheffler's situation knew or should have known that he was sexually abused more than six years prior to the time he brought this action. The statute of limitations therefore barred the action and summary judgment should have been granted.

**Reversed.**