Gibson vs. Gibson and wife.

GIBSON, Appellant, vs. GIBSON and wife, Respondents.

*October 16 — October 30, 1900.*

*Limitation of actions: Setting aside administrator's sale of land: Continuing trust: Infancy.*

1. After the open, notorious surrender by an administrator of real estate of his decedent, pursuant to a sale thereof for the purpose of paying debts, he has no trust relation thereto which precludes the running of the statute of limitations against an action to set aside the sale on the ground that the administrator was interested therein.

2. An action to set aside an administrator's sale of land for fraud is not an action "for the recovery of real property," within the meaning of sec. 4218, Stats. 1898, but the period within which the action must be brought is prescribed by sec. 4221, and under sec. 4233 it cannot be extended, because of the infancy of the person entitled to sue, longer than one year after such disability ceases.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge: *Affirmed.*

Action to set aside aside an administrator's sale because he was interested therein. Defendant *Mark Gibson* was one of the administrators. The intestate died December 11, 1870, leaving a minor child, *Louis Gibson,* the plaintiff. The sale was made April 15, 1872, ostensibly to George H. Gibson, *Mark Gibson's* son. The evidence shows that *Mark Gibson* assisted his son to pay for the property upon the pretext that the latter had an associate in bidding off the property who failed to produce his part of the money to complete the purchase. About six months after the sale was confirmed, two months after the completion of the deed, and a month and a half after the recording thereof, George deeded one half of the property to his father. He died in 1893, leaving his father and mother, the defendants, as his only heirs. From that time to the commencement of this action defendants have held the entire title to the property, basing their right thereto upon the administrator's sale. Plaintiff became of age April 7, 1890. February 21, 1895, he commenced an action of ejectment against defendants to obtain possession of the property, upon the ground that the administrator's sale was absolutely void. Judgment was rendered in favor of defendants. Upon appeal to this court, it was said that the evidence indicated the existence of facts rendering the sale void, but the judgment was affirmed because the administrator's deed was voidable only, and, till set aside in an equitable proceeding for that purpose, ejectment would not lie in favor of the person entitled

to avoid it, he having no legal title to the property. [102 Wis. 501.] The judgment of this court was pronounced without prejudice to the right of plaintiff to bring such an equitable action.

This action was commenced April 27, 1899. The court found facts as above indicated, also the following: The land brought a full price at the sale. It was not struck off on the day advertised for the sale, though the bid of George H. Gibson was then received. The sale was adjourned, and on the adjourned day, without again offering the property for sale, it was agreed to report the sale as made to George in accordance with his bid theretofore made, which was done. *Mark Gibson* was in no way interested in the sale at the time it was made, nor till after the confirmation thereof, except that he was interested in having his son become the purchaser. He extended accommodations to his son not accorded to others, in order to further his desire to have the property go that way, and in that manner was unduly interested in the sale, though he committed no actual fraud nor did anything to the actual detriment of the estate he represented or the heirs of the intestate. The proceeds of the sale were all used in paying mortgage and other claims against the estate. Defendant *Mark Gibson* has occupied and improved the property for many years, believing he had a good title thereto, his improvements during that period amounting in value to $2,000. If plaintiff ever had a cause of action it is barred by the statute of limitations.

Judgment was rendered accordingly, and plaintiff appealed.

For the appellant there was a brief by *D. H. Sumner* and *Ryan & Merton*, and oral argument by *T. E. Ryan*.

For the respondents there was a brief by *Clasen & Walsh*, attorneys, and *Winkler, Flanders, Smith, Bottum & Vilas*, of counsel, and oral argument by *F. C. Winkler*.

MARSHALL, J.   Respondents chiefly rely on the statutes
of limitations to support the judgment.   To that appellant
says *Mark Gibson* was trustee of an express trust and can-
not invoke the statutes of limitations to defeat the claim of
his *cestui que trust*.   True, *Gibson* was such trustee as regards
a power of sale and control of the property in controversy
for the payment of the debts of the deceased, but for no
other purpose.   *Barker v. Barker*, 14 Wis. 131; sec. 3823,
Stats. 1898; *Carpenter v. Fopper*, 94 Wis. 146.   His status
as trustee was extinguished when the sale of the real estate
took place.   His relationship to the estate, which gave rise
to the trust relation, was wholly terminated in 1872, when
he was discharged as administrator.   From that time, at
least, there was an unequivocal disavowal by him of any
trust relation to the plaintiff or to the property in dispute.
The rule invoked applies only to continuing trusts.   The
suspension of the statutes of limitations, as to a person once
a trustee, ceases upon the termination of his character as
such, and before that time if he distinctly disavow the ex-
istence of the trust relation by holding the subject of the
trust adversely, openly, and with notice to the *cestui que
trust*.   Angell, Limitations, § 174; *Riddle v. Whitehill*, 135
U. S. 621.   There was obviously no continuing trust in this
case that reached beyond the settlement of the administra-
tor's account and his discharge, and no trust precluding the
running of the statute of limitations in his favor after the
open, notorious surrender of the subject of the trust pursu-
ant to the administrator's sale.

Appellant's counsel further contend that the administra-
tor's deed is open to attack because plaintiff, under sec. 4218,
Stats. 1898, was entitled to five years after becoming of age
within which to commence an action to recover the prop-
erty conveyed thereby.   Waiving the question of whether
the five years had fully run before this action was com-
menced, the conclusive answer to appellant's proposition is

that the subject of such action is not the recovery of real
property, but the cancellation of the administrator's deed;
hence it is not governed by sec. 4218, but is governed by
sec. 4221, Stats. 1898. Appellant first commenced an action
to recover the property. That was held not maintainable,
the title to the property not being in appellant, and his
remedy, primarily, at most, being the right to maintain an
action in equity to annul the administrator's deed for fraud,
constructive or actual. *Gibson v. Gibson*, 102 Wis. 501. Sec.
4218 plainly refers to actions by persons possessed of the
title to the subject of the litigation but wrongfully deprived
of the enjoyment of it. This is an action to annul a void-
able sale for fraud,— an action that, " on and before the 28th
day of February, 1857, was cognizable by a court of chan-
cery," — as to which there is no statute of limitations other
than sec. 4221, Stats. 1898,— the ten years statute. There-
fore, by the express terms of that section it applies, except
so far as the limitation period was suspended by appellant's
disability because of his infancy. The only protection given
him on that ground is contained in sec. 4233, Stats. 1898,
which provides that, "if a person entitled to bring an action
mentioned in this chapter [ch. 177], except actions for the
recovery of a penalty or forfeiture or against a sheriff or
other officer for an escape, or for the recovery of real prop-
erty or the possession thereof, be, at the time the cause of
action accrued, . . . within the age of twenty-one
years, . . . the time of such disability is not a part of
the time limited for the commencement of the action, except
that the period within which the action must be brought can-
not be extended more than five years by any such disability,
except infancy; nor can it be extended in any case longer
than one year after the disability ceases."

The conclusion necessarily reached is that the time for
the commencement of this action terminated on the 7th day
of April, 1891, long before the commencement of the action

for the recovery of the property which failed for want of title in appellant. There was a plea of the statute of limitations in that action, but the defendant prevailed on the merits in the court below, so there was no call for this court, on appeal, to say anything in regard to the effect of the limitation statutes. That subject was not presented for consideration in the briefs of counsel or mentioned in the opinion.

*By the Court.*— The judgment of the county court is affirmed.