ANNA LANGER v. BERNARD NEWMANN and Another.[1]

January 4, 1907.

Nos. 14,971—(131).

**Limitation of Action—Disability.**

Action to recover damages for an alleged tort resulting in personal injury, within the meaning of R. L. 1905, § 4078, subd. 1. The complaint alleged that as, a result of a conspiracy between the defendants plaintiff was falsely adjudged insane and committed to the state hospital for the insane on, July 24, 1902, and that she was restored to capacity on April 6, 1903. The action was commenced February 21, 1905. *Held*, construing section 4084, R. L. 1905, providing in effect that insanity shall suspend the period of limitation until the disability is removed, but in no case shall such period be extended for more than one year after the disability ceases, that the proviso is controlling and the action is barred.

Action in the district court for Otter Tail county to recover $2,000 for procuring against the plaintiff an adjudication of insanity by false charges. The case was tried before Baxter, J., who, upon conclusion of plaintiff's testimony, granted a motion to dismiss the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*E. E. Corliss,* for appellant.

*Townley & Frankberg,* for respondents.

START, C. J.

This is an action in the nature of an action on the case to recover damages which the plaintiff alleged in her complaint that she sustained as a result of a conspiracy between the defendants, and their action in preferring a false charge of insanity against her in the probate court of the county of Otter Tail, and securing an adjudication of insanity against her by their false representations and testimony, knowingly given, at the hearing on such charge, which resulted in her being committed to the hospital for the insane, to her damage in the sum of $2,000. The answer denied the allegations of the complaint, except as admitted and alleged, and admitted that a charge of insanity against the plaintiff

[1] Reported in 110 N. W. 68.

was preferred by them in good faith, that the testimony given in support of the charge was true, and that she was duly adjudged insane and accordingly committed to the hospital for the insane. The answer also alleged that the plaintiff's supposed cause of action did not accrue within two years before the commencement of this action. A jury was impaneled to try the issues, and when the plaintiff rested her case the court, on motion of the defendants, dismissed the action, and the plaintiff appealed from an order denying her motion for a new trial.

It is the contention of the defendants that the evidence shows that the action is barred. If this be so, then the action was properly dismissed for this reason, if for no other. The record shows that the action accrued on July 24, 1902, for on that day the plaintiff upon the complaint of the defendant Newmann was adjudged insane by the probate court of the county of Otter Tail, and committed to the state hospital for the insane at Fergus Falls. Nine days thereafter she was paroled and returned to her home. She was discharged from custody March 13, 1903, and restored to capacity on April 6, 1903. This action was commenced February 21, 1905. The action is one to recover consequential damages for a tort resulting in personal injury within the meaning of R. L. 1905, § 4078, subd. 1, which provides that such actions must be commenced within two years after they accrue. The action was brought more than two years after it accrued and more than one year after the plaintiff's disability ceased upon her being restored to legal capacity. It follows, then, that the action is barred unless the disability of the plaintiff saves it, as provided by R. L. 1905, § 4084, which, so far as here material, reads thus:

> Any of the following grounds of disability, existing at the time when a cause of action accrued, shall suspend the running of the period of limitation until the same is removed: Provided that such period, except in the case of infancy, shall not be extended for more than five years, nor in [any] case for more than one year after the disability ceases: 1. That the plaintiff is within the age of twenty-one years. 2. His insanity.

The word "any" appears in the report of the commissioners to revise the statute, in the enrolled bill, and in the original of the section. G. S. 1866, c. 66, § 17.

It is clear that, if the action had been brought within two years after it accrued, it would not have been barred, although it was brought more than one year after the disability ceased, for the disability could not shorten the period of limitation. Such, however, is not this case. The period of limitation, two years, prescribed by section 4078, supra, runs from the time the cause of action accrues, and section 4084 does not suspend the limitation but it merely extends such period of limitation for the causes and for the time and subject to the conditions therein named. If this section had simply provided that the time during which a party might be under disability should be added to the period of limitation, he would be entitled to bring his action any time within the period of limitation after his disability ceased. The statute does not so provide; but, on the contrary, it expressly provides that the period of limitation in no case shall be extended by any disability for more than one year after the disability ceases. This express limitation controls the extension of the period of limitation in all the cases of disability mentioned in the section. There can be no extension of the period of limitation beyond one year after the disability has been removed. Backus v. Burke, 63 Minn. 272, 65 N. W. 459; Dunham v. Sage, 52 N. Y. 229; Gibson v. Gibson, 108 Wis. 102, 84 N. W. 22.

This action not having been brought within one year after the plaintiff's disability was removed, the action is barred and the trial court did not err in dismissing it.

Order affirmed.