TODD, Justice.
 

 The Fireman’s Fund Insurance Company brought a declaratory judgment action to determine whether certain sexual activities engaged in by its insured, James Hill, were covered under a homeowner’s policy which excludes “bodily injury or property damage which is either expected or intended from the standpoint of the insured.” The trial court found that Fireman’s Fund was obligated to defend James Hill in the civil action brought on behalf of the foster child and to pay all damages for which Hill might become liable. The insurance company appealed. We reverse.
 

 James Hill and his wife began taking foster children into their home in 1973. From that date until 1978, approximately ten children were placed in the home. In November of 1976, a minor male child went to live with the Hills. Prior to the child being placed there, the Hennepin County Welfare Department had received a complaint from the parents of one of the former foster children, alleging that Hill had
 
 *831
 
 molested the child. When he was confronted with the allegations Hill denied having any sexual contact with the foster child.
 

 During the 15 months that the child was in the Hill home, James Hill engaged in sexual conduct with him. The child was removed from the foster home by the Welfare Department after Hill was arrested on charges of criminal sexual conduct with the other foster children. An action was commenced on behalf of the boy by his mother and guardian against James Hill and Hen-nepin County for mental pain and anguish resulting from the assault by James Hill. During the time the boy was in the foster home, James Hill was insured under a homeowner’s policy issued by the Fireman’s Fund Insurance Company. Under the policy Fireman’s agreed to pay, on behalf of the insured, all damages for which the insured became liable because of bodily injury or property damage caused by an occurrence. An occurrence was defined as an accident which results in bodily injury or property damage. The policy excluded from coverage “bodily injury or property damage which is either expected or intended from the standpoint of the insured.”
 

 In interpreting intentional act exclusions in insurance policies this court has held that it is not sufficient that the act was intentional. To be excluded from coverage, a person must have specifically intended to cause injury, although intent to injure will be found even if the actual injury is different in kind or more severe than that intended. Iowa
 
 Kemper Ins. Co. v. Stone,
 
 269 N.W.2d 885 (Minn.1978). In
 
 Continental W. Ins. Co. v. Toal,
 
 309 Minn. 169, 244 N.W.2d 121 (1976), we stated:
 

 In
 
 Caspersen v. Webber,
 
 298 Minn. 93, 99, 213 N.W.2d 327, 330 (1973), we indicated that an injury is “expected or intended” from the standpoint of the insured if a reason for an insured’s act is to inflict bodily injury
 
 or
 
 “when the character of the act is such that an intention to inflict an injury can be inferred” as a matter of law. See,
 
 Rankin
 
 v.
 
 Farmers Elev. Mutual Ins. Co.,
 
 393 F.2d 718 (10 Cir. 1968).
 

 Id.
 
 at 177, 244 N.W.2d at 125. (emphasis in original)
 
 See Woida v. North Star Mutual Ins. Co.,
 
 306 N.W.2d 570 (Minn.1981).
 

 James Hill contends that he did not intend to harm the boy and that his actions were the result of his social and emotional immaturity. We find the nature of Hill’s conduct was such that an intention to inflict injury can be inferred as a matter of law. The facts here indicate Hill intended to engage in sexual play and that he knew the welfare department would disapprove of his activities. Before the boy was placed in his home, he had been confronted by the department with allegations that he had sexually assaulted other foster children. He denied having had sexual contact with the children. He also knew the welfare department viewed his conduct as detrimental to the boy. The psychiatrist testified, in response to a hypothetical, that if James Hill had been confronted with and warned of his activities with other children before having contact with the boy, then he must have realized that his sexual play with him was not in the boy’s best interest. These facts give rise to an inference of intent to inflict injury. Therefore, Hill’s acts are excluded from coverage under the homeowner’s policy-
 

 Reversed.
 

 KELLEY, J., took no part in the consideration of this case.