Mark **BLACKOWIAK**, Respondent,

v.

Richard **KEMP**, Petitioner, Appellant,

**Independent School District # 1,
et al., Respondents.**

No. C3–94–2013.

Supreme Court of Minnesota.

April 19, 1996.

Review of Court of Appeals.

Philip Villaume, Lisa Lofquist, Bloomington, for appellant.

John Murrin, III, Edina, for respondent.

Heard, considered and decided by the court en banc.

## OPINION

COYNE, Justice.

The singular issue on appeal is whether the trial court properly entered summary judgment of dismissal of the plaintiff Mark Blackowiak's complaint to recover damages for alleged sexual abuse by the defendant Richard Kemp on the basis that the plaintiff knew or had reason to know that he sustained personal injury caused by sexual abuse prior to August 8, 1986 and that the action was barred by application of the 6-year limitations period of Minn.Stat. § 541.073, subd. 2(a) (1992). The court of appeals reversed, holding that the evidence did not conclusively establish that the plaintiff knew or should have known prior to 1986 that the defendant's sexual abuse caused his psychological injuries. *Blackowiak v. Kemp*, 528 N.W.2d 247 (Minn.App.1995). We granted Kemp's petition for further review and reverse the decision of the court of appeals and reinstate the summary judgment entered in the trial court.

The plaintiff's complaint alleges that in 1970 or 1971 when he was an 11-year-old seventh grader at Sheridan Junior High School, he was sexually abused by the defendant, his school counselor. He alleges that on one occasion when they were at Kemp's cabin, Kemp performed oral and anal intercourse on him and further asserts that while he believes there were other instances of abuse, he cannot remember because he suffers from traumatic amnesia.

At the time of the alleged abuse, the plaintiff told his friend Steven Mayfield to "watch out for" Kemp, with whom Mayfield had been seen, because the plaintiff did not want Mayfield to be abused. He did not tell Mayfield that Kemp had abused him because he was too ashamed to talk about it. At approximately the same time, the plaintiff's mother asked him if Kemp was doing anything "wrong" to him and he responded yes. Apparently his mother sought no further explanation and he offered none because it was too painful to talk about.

Over the following years, the plaintiff was sent to a therapist when he started behaving problematically, but the plaintiff refused to talk to the therapist. Blackowiak also has testified that he may have seen another counselor but he could not tell that person of the sexual abuse either because it was too painful and he felt he had done something wrong. Several years later, after the plaintiff had become an adult, he spoke to another counselor, but did not tell the individual about the sexual abuse because, again, he was ashamed of it and did not want anyone to know it had happened.

In 1981, he encountered the defendant, who was accompanied by a young boy. The plaintiff flew into a rage—he "freaked out." Blackowiak has explained that his anger was prompted by his assumption that Kemp was sexually abusing the boy and that he felt sorry for the boy because "that shouldn't happen to little kids." Blackowiak was approximately 22 years of age at the time of this 1981 encounter, but insisted he did not think anymore about the abuse he had suffered until 1991 when a conversation with Mayfield caused him to realize that his problems with drugs and alcohol, crime and with personal relationships were all the result of Kemp's abuse.

At issue is the limitations period of Minn. Stat. § 541.073 which provides as follows:

> An action for damages based on personal injury caused by sexual abuse must be commenced within six years of the time the plaintiff knew or had reason to know that the injury was caused by the sexual abuse.

Minn.Stat. § 541.073, subd. 2(a) (1992).

We have not previously had occasion to construe this statute, identified more readily as the "delayed discovery" rule, but the court of appeals considered it in *ABC v. Archdiocese of St. Paul*, 513 N.W.2d 482 (Minn.App.1994), in which the court properly applied an objective, reasonable person standard and concluded that the overwhelming evidence established that ABC had reason to know prior to 1985 that she had been a victim of sexual abuse. It held that her cause of action expired before she commenced the personal injury action. *Id.* at 486.

Here the court of appeals has attempted to distinguish *ABC*, reasoning that the issue there was whether the plaintiff should have known she had been abused, whereas in the instant matter, the question is whether the plaintiff should have been aware that the sexual abuse caused his injuries. This is a distinction without a difference and demonstrates the court's misapprehension of the statute by focusing on the concept of causation—*i.e.*, when the "complainant was aware or should have been aware that the sexual abuse *caused* his damages." *Blackowiak*, 528 N.W.2d at 251.

▮ As we have observed, the nature of criminal sexual conduct is such that an intention to inflict injury can be inferred as a matter of law. *Fireman's Fund Ins. Co. v. Hill*, 314 N.W.2d 834, 835 (Minn.1982). Accordingly, concepts of sexual abuse and injury within the meaning of this statute are essentially one and the same, not separable— as a matter of law one is "injured" if one is sexually abused. While perhaps the court of appeals was misled by the phrasing of the statute itself, we view the language as simply a legislative pronouncement that "personal injury caused by sexual abuse", as opposed to personal injury caused by any other activity, is entitled to a different limitation period because of its uniqueness and because of the difficulties attendant on the victim's often repressed recollections. *See* Minn.Stat. § 541.07(1) (1994) (imposing a 2–year limitation for torts resulting in personal injury).

To construe the statute as the court of appeals has here is to inject a wholly subjective inquiry into an individual's unique circumstances, *e.g.*, when did the victim "acknowledge" or "appreciate" the nature and extent of the harm resulting from the abuse. While the manifestation and form of the injury is significant to the victim, it is simply not relevant to the ultimate question of the time at which the complainant knew or should have known that he/she was sexually abused. The question is answered by an application of the objective, reasonable person standard.

▮ It may well be that whether a plaintiff had reason to know of the abuse is generally a question of fact for a jury. *See, e.g., Wittmer v. Ruegemer*, 419 N.W.2d 493, 498

(Minn.1988). Here, however, the plaintiff's own deposition testimony overwhelmingly demonstrates that he knew of the sexual abuse long prior to 1986 and that the cause of action expired prior to the commencement of this action.

First, he stated that, during his adult chemical dependency treatment and psychological counseling sessions, he did not discuss the abuse with his counselors because of shame (which is another way of saying because of psychological injury). Then, his reaction to Kemp on the occasion of their meeting in 1981 demonstrates with utmost clarity that, by that time, he was fully aware of the abusive nature of their relationship because he was concerned for the welfare of the young boy accompanying Kemp. Without regard to whether Blackowiak verbalized or formally "acknowledged" the abuse, a reasonable person should have known at either point in time that he had been injured by Kemp's abusive conduct. Accordingly, in application of the 6–year limitations period of Minn.Stat. § 541.073, subd. 2(a), we conclude that there exists no genuine issue of material fact and that summary judgment of dismissal of the plaintiff's complaint was appropriate.

Reversed and summary judgment reinstated.

GARDEBRING, Justice (dissenting).

The majority, by its decision today, would have us equate a moral knowledge of wrongdoing with the legal concept of knowledge of causation of injury. The respondent knew, as any child would, that the actions of appellant were wrong—morally wrong. But that knowledge, based on upbringing, cannot be equated to an understanding of causation of a personal injury, especially an injury which did not manifest itself until many years later.

The majority reaches this conclusion by consistently misreading the statute of limitations which is at issue here. The statute says:

An action for damages based on personal injury caused by sexual abuse must be commenced within six years of the time

the plaintiff knew or had reason to know *that the injury was caused by the sexual abuse.*

Minn.Stat. § 541.073, subd. 2(a) (1992)(emphasis added). Thus, the statute requires:

1. personal injury;

2. sexual abuse; and

3. knowledge or reason to know that *the injury was caused by the sexual abuse.*

It is almost too well established to require note that the plain language of a statute should not be disregarded if the meaning is clear. *See State v. Klumpp,* 536 N.W.2d 613, 615 (Minn.1995); *Green Giant Co. v. Commissioner of Revenue,* 534 N.W.2d 710, 712 (Minn.1995); *State v. Carpenter,* 459 N.W.2d 121, 126 (Minn.1990). A reading of the plain language of the statute at issue here demonstrates that it is the knowledge of *causation* which triggers the 6–year limitation period, not merely knowledge that sexual abuse occurred. The majority opinion ignores this key statutory language when it defines the "ultimate question" as "the time at which the complainant knew or should have known *that he/she was sexually abused." Ante,* at 3 (emphasis added). Knowledge that sexual abuse occurred or even knowledge of the other prerequisite, personal injury (in this case, alcoholism and other psychological difficulties), is not central; it is the link between them, the causation, one of the other, which must be considered in order to determine whether a lawsuit is within the limitations period.

Furthermore, in addition to overlooking the plain language of the statute, the majority opinion undermines the very purpose of this "delayed discovery" statute of limitations. In enacting this unusual provision, the legislature certainly was aware that some delay might occur between the time the acts occurred and the commencement of the action. Nevertheless, it enacted the statute of limitations in recognition of the fact that injuries from sexual abuse are often psychological in nature, that they may be essentially latent for many years (at least until adolescence in most cases) and that shame and denial often accompany the events.

Yet it is this feeling of shame which the majority identifies as evidence that respondent knew of the abuse and the link to his injuries. In doing so, the majority ignores the fact that only recently have mental health professionals come to understand the causative link between childhood sexual abuse and later dysfunction in life. Shame is not the same as knowledge that sexual abuse *caused* injury and the legislature understood this when it enacted this delayed discovery statute. The intent of the statute was to address the claims of children who may have been aware of the immediate shame and suffering caused by the sexual abuse, but not aware of its link to the emotional injury which manifested itself later in life.

Apparently this court expects even childhood victims of sexual abuse to possess an understanding of the legal precepts of *Fireman's Fund Ins. Co. v. Hill,* 314 N.W.2d 834 (Minn.1982), which says that "as a matter of law one is 'injured' if one is sexually abused." However, the statute at issue here does not turn on the legal determination of "injury by sexual abuse," it turns on the victim's *knowledge* of the link between the two.

The majority's misconstruing of the statute is especially troubling in the procedural context of this case, on consideration of a motion for summary judgment. We have said "[w]here there are disputed questions of material fact as to whether a plaintiff is barred by a statute of limitations, these questions are to be decided by a jury." *Grondahl v. Bulluck,* 318 N.W.2d 240, 243 (Minn.1982). Yet in this case the majority removes from the jury's consideration this very material issue, when the respondent knew or should have known that the emotional injuries he was experiencing were *caused* by sexual abuse which occurred many years earlier.

Summary judgment cannot be granted if genuine issues of material fact exist. Here, a reasonable person could find that respondent did not know, nor had reason to know, that the emotional injuries he was experiencing were caused by earlier sexual abuse until 1991 when he discussed the past abuse with another victim. If so, inasmuch as he filed

suit in 1992, he was well within the 6–year statute of limitations.

For these reasons I respectfully dissent.