Melissa BRETT, Appellant,

v.

Dr. Alexander WATTS, Respondent.

No. C5–99–492.

Court of Appeals of Minnesota.

Sept. 21, 1999.

Review Denied Nov. 17, 1999.

Todd A. Crabtree, Susan J. Bowden, Stillwater, MN (for appellant).

Thomas P. Melloy, Hall & Byers, P.A., St. Cloud, MN (for respondent).

Considered and decided by LANSING, Presiding Judge, PETERSON, Judge, and AMUNDSON, Judge.

## OPINION

LANSING, Judge

The district court denied Dr. Alexander Watts' motions for judgment on the pleadings, but entered summary judgment against Melissa Brett's claims for sexual abuse. The court concluded that Brett failed to produce evidence of "severe mental anguish," as a component of personal injury, under Minn.Stat. § 609.341, subd. 8 (1998). We affirm the district court's denial of judgment on the pleadings, but because proof of "severe mental anguish" is not a prerequisite to maintaining the action, we reverse summary judgment and remand.

## FACTS

Melissa Brett sued her physician, Dr. Alexander Watts, in 1998, alleging sexual abuse during medical examinations. Watts began treating Brett in 1989 when, at the age of 16, she was struck in the head by a softball. In 1990, Watts inserted a shunt in Brett's brain that drained fluid from her brain into her abdomen. Following the shunt insertion, Brett saw Watts at least yearly for checkups.

Brett maintains that Watts performed nearly the same examination at each visit and specifically describes the 1993 and 1995 examinations. She recalls that she was asked to undress down to her underpants. When she asked for a gown before undressing, Watts left the room but returned without a gown. Watts remained in the room while she was undressing. During the examinations, Watts ran a pinwheel over her legs and breasts and touched her breasts with his hands. He then had her stand, bend over, and touch her toes. While she touched her toes, he

ran the pinwheel over the backs of her legs and buttocks. Watts next had Brett close her eyes and jump on one foot, while wearing only her underpants, After these examinations, Watts remained in the room while Brett dressed. Brett felt uncomfortable with the examinations, but believed the procedures were medically necessary. In 1998 Brett learned that other women had accused Watts of inappropriate sexual conduct during similar examinations.

Brett brought a civil claim against Watts for sexual abuse in violation of Minn.Stat. §§ 609.345, subd. 1(k) (1998), and 541.073 (1998). Brett submitted a letter from Dr. David Ketroser, a neurologist, who indicated there was no medical reason for Watts to perform an anterior upper torso sensory examination of Brett. Dr. Ketroser stated, "[s]uch an examination could only be motivated by non-medical reasons and is beneath the standard of care." He further indicated that Watts breached the standard of care by not providing Brett with a private place to undress and dress and by failing to have another person present when his adult female patient's breasts were uncovered. The Minnesota Board of Medical Practice has disciplined Watts for similar misconduct with two other patients.

Watts filed a motion to dismiss for failure to state a claim of "severe mental anguish" under Minn.Stat. § 609.341, subd. 8 (1998), and a motion for judgment on the pleadings, asserting that no civil cause of action exists for personal injury caused by sexual abuse. The district court denied both motions. Watts then moved to dismiss the complaint for failure to comply with the two-year statute of limitations under Minn.Stat. § 541.07(1) (1998) (addressing torts other than sexual abuse) and for summary judgment under that statute. The district court also denied these motions. Watts then moved for summary judgment, claiming Brett failed to allege facts that, if proved, would constitute "severe mental anguish." Brett's proof of injury included testimony that her ability to trust has been impaired, she is

uncomfortable being touched by men, including her husband, and that the feelings of distrust and violation have substantially affected her marriage relationship. The district court concluded that Brett's claimed injuries were legally insufficient and granted summary judgment. After the hearing, Brett submitted a doctor's report that she has been diagnosed with major depression and post-traumatic stress disorder.

Brett appealed. Watts filed a notice seeking review of the district court's determination that a civil cause of action exists for violation of the criminal sexual misconduct statute. Watts also filed a motion to strike portions of Brett's brief and appendix and for attorneys' fees incurred in bringing the motion.

## ISSUES

I. Should this court grant Watts' motion to strike portions of Brett's brief and appendix and for attorneys' fees incurred in bringing the motion?

II. Does a civil cause of action exist for violation of the criminal sexual conduct statute?

III. Is "severe mental anguish," a component of personal injury defined by Minn.Stat. § 609.341, subd. 8 (1998), an element of a civil claim for personal injury caused by sexual abuse?

## ANALYSIS

### I

 As a preliminary matter, we address Watts' motion to strike a medical report from Brett's appendix and the references to that report in the brief. The report, dated March 29, 1999, was not submitted to the district court before entry of summary judgment. *See* Minn. R. Civ. App. P. 110.01 (defining record on appeal). Only matters considered by the district court may be submitted on appeal, *Thiele v. Stich,* 425 N.W.2d 580, 582–83 (Minn. 1988), and this court "will strike docu-

ments included in a party's brief that are not part of the appellate record." *Fabio v. Bellomo,* 489 N.W.2d 241, 246 (Minn.App. 1992), *aff'd,* 504 N.W.2d 758 (Minn.1993). The medical report of Dr. Cathy Skrip and references to that report are therefore stricken from the appellate record.

■ Watts also moves to strike statements in the brief unrelated to the report because the statements are not accompanied by references to the record. Failure to cite to the record is a violation of Minn. R. Civ.App. P. 128.03. A "flagrant violation of the rules to fail to provide citations to the record" may lead to non-consideration of an issue or dismissal of an appeal. *State ex rel. Barrett v. Korbel,* 300 Minn. 563, 563, 221 N.W.2d 125, 125 (1974); *Schoepke v. Alexander Smith & Sons Carpet Co.,* 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971). Brett's brief does contain citation to the record in many, but not all, instances. We deny Watts' motion because the citation omission is not flagrant, but we note that failure to comply with the rules can diminish a brief's persuasiveness, 3 David F. Herr & Eric J. Magnuson, *Minnesota Practice,* § 128.3 (1996).

■ We also deny Watts' request for attorneys' fees on the motion to strike. *See* Minn. R. Civ.App. P. 139.06, subd. 3 (permitting motions for pre-decision awards of fees). Brett has provided an explanation for belated submission of the report that, although unpersuasive for purposes of allowing the report's consideration, shows a good-faith basis for the error. On these facts, we adhere to the rule that parties are responsible for their own legal costs. *See Gilchrist v. Perl,* 387 N.W.2d 412, 418 (Minn.1986); *Gerdin v. Princeton State Bank,* 414 N.W.2d 765, 768 (Minn.App.1987).

## II

■ Watts, by notice of review, argues that Minnesota law does not recognize a civil cause of action for personal injury based on sexual abuse. This argument is unfounded in light of reported cases and legislative references to this cause of action. *See, e.g., Blackowiak v. Kemp,* 546 N.W.2d 1 (Minn.1996) (considering a civil suit for personal injury based on sexual abuse); *see also Smith v. St. Paul Fire & Marine Ins. Co.,* 353 N.W.2d 130 (Minn. 1984) (considering applicability of medical malpractice insurance in suit against physician for sexual abuse inflicted under guise of legitimate medical treatment). *Accord* Minn.Stat. § 541.073 (1998) (statute of limitation for actions based on "personal injury caused by sexual abuse").

## III

■ At the district court hearing on the summary judgment motion, Watts and Brett disputed whether Brett had demonstrated "severe mental anguish." Watts argues this showing is necessary because it is the standard for emotional damage identified in the definition of "personal injury" in the criminal sexual conduct statute. *See* Minn.Stat. § 609.341, subd. 8 (1998) (defining "personal injury" for purposes of sections 609.341 to 609.351). This argument, based on language in the statute of limitations governing civil sexual misconduct actions, misconstrues the limitations statute and mistakenly incorporates "severe mental anguish," necessary to some of the criminal offenses defined by the statute, into the elements of a civil action for sexual abuse.

■ Criminal sexual conduct may be proved under various theories. *See* Minn. Stat. § 609.341–609.3451 (1998). Under some theories, the state is required to show "personal injury," defined by the statute as "bodily harm * * * or severe mental anguish or pregnancy." Minn.Stat. § 609.341, subd. 8. The legislature has created a special statute of limitations for civil actions based on conduct prohibited by the criminal sexual conduct statute:

> An action for damages based on *personal injury* caused by sexual abuse must be commenced within six years of the time the plaintiff knew or had reason to

know that the injury was caused by the sexual abuse.

Minn.Stat. § 541.073, subd. 2 (1998) (emphasis added); *see also id.*, subd. 1 (1998) ("sexual abuse" means conduct prohibited by the criminal sexual conduct statute). The confusion in the district court arguments comes from whether the use of the term "personal injury" in the civil statute of limitations incorporates the criminal statute's definition of that term into the elements of a civil cause of action. We hold that it does not.

■ Generally, a plaintiff bringing a civil action for an ordinary tort, such as battery, resulting in personal injury need not demonstrate an elevated level of emotional damage to proceed to trial and recover damages. *See, e.g., Smith v. Hubbard*, 253 Minn. 215, 225, 91 N.W.2d 756, 764 (1958) (plaintiff who demonstrated mental harm as a result of kidding by co-workers about defendant's battery was entitled to monetary damages); *see also Johnson v. Ramsey County*, 424 N.W.2d 800, 804 (Minn.App.1988) (once plaintiff proves battery, plaintiff is entitled to recover damages for humiliation and mental suffering, even though elements of intentional infliction of emotional distress not met). We find no authority that a plaintiff in a civil action for sexual abuse must demonstrate a level of emotional damage different from that necessary to demonstrate damage for any other tort. *See* Minn.Stat. § 541.07(1) (1998) (setting forth two-year statute of limitations for other torts resulting in personal injury, which does not require showing of "severe mental anguish"); 4 *Minnesota Practice*, CIVJIG 155 (1986) (discussing measurement of mental harm in civil actions for damages).

■ "A general statute of limitation does not condition rights", but "simply prescribes the time within which rights may be enforced." *In re Daniel's Estate*, 208 Minn. 420, 429, 294 N.W. 465, 470 (1940). The supreme court has stated that it views the language of section 541.073 as "simply a legislative pronouncement that 'personal injury caused by sexual abuse,' as opposed to personal injury caused by any other activity, is entitled to a different limitation period because of its uniqueness and because of the difficulties attendant on the victim's often repressed recollections." *Blackowiak*, 546 N.W.2d at 3. The court has also noted in the context of a civil action that "implicit in the act of sexual abuse is personal injury." *W.J.L. v. Bugge*, 573 N.W.2d 677, 681 (Minn.1998); *see also Smith v. St. Paul Fire*, 353 N.W.2d at 132 (acknowledging "emotional and psychological harm" suffered by plaintiffs in action against physician for sexual abuse inflicted under guise of legitimate medical treatment). There is no indication that section 541.073 is anything more than a general statute of limitation, prescribing the time in which a right may be enforced, but not conditioning that right. Thus, a plaintiff bringing a civil action for personal injury based on sexual abuse under the "special provisions" of section 541.073 should not be required to demonstrate more significant emotional damage than a plaintiff bringing a civil action for personal injury based on some other activity.

The definition of "personal injury" under Minn.Stat. § 609.341, subd. 8, in its application to criminal sexual conduct confirms that the civil definition of "personal injury caused by sexual abuse" requires only the same threshold showing of emotional damage as any other tort. While "personal injury," as defined in the statute, is a necessary element to some theories of criminal sexual misconduct, for others it is not. In fact, the conduct at issue in this case, "sexual contact" accomplished "by means of deception or false misrepresentation that the contact is for a bona fide medical purpose," is punishable as fourth degree criminal sexual conduct without a showing of "personal injury." Minn.Stat. § 609.345, subd. 1(k) (1998). Application of the criminal statute's definition of "personal injury" to a civil action for sexual abuse would result in the absurd conclu-

sion that criminally liable defendants may be civilly liable for certain acts of criminal sexual conduct, but not for others.

Although not cited or relied on by either Brett or Watts, we note that *W.J.L.* refers to a finding of "severe mental anguish" as necessary in civil actions for personal injury caused by sexual abuse. 573 N.W.2d at 681. But this language was tangential to the court's holding that W.J.L. had failed to satisfy the six-year statute of limitations. We read the court's statement on the same page, that "implicit in the act of sexual abuse is personal injury," to be controlling and consistent with the supreme court's previous holdings. *Id.* (citing *Blackowiak,* 546 N.W.2d at 3).

## DECISION

The district court properly found that a civil action exists for personal injury based on sexual abuse, and we affirm the court's denial of judgment on the pleadings. Because a personal injury action brought under the six-year statute of limitations for "personal injury based on sexual abuse" does not require a showing of "severe mental anguish," we reverse the summary judgment and remand for further proceedings. Watts' motion to strike is granted, but the motion for attorneys' fees is denied.

**Affirmed in part, reversed in part, and remanded; motion granted in part and denied in part.**