**D.M.S., Appellant,**

v.

**Kennedy BARBER, Defendant,**

**The Professional Association of Treatment Homes (PATH), a non-profit Minnesota Corporation, Respondent.**

No. C8–00–2227.

Court of Appeals of Minnesota.

June 5, 2001.

Considered and decided by
STONEBURNER, Presiding Judge,
KALITOWSKI and SCHUMACHER,
Judges.

**OPINION**

STONEBURNER, Judge

Appellant D.M.S. argues that the district court erred by dismissing his claims against respondent Professional Association of Treatment Homes (PATH) for injury from sexual abuse that occurred while he was in foster care, as time-barred. Because at the time appellant sued PATH, the statute of limitations had run on his negligence and respondeat superior claims against PATH, we affirm.

**FACTS**

D.M.S. was born on September 10, 1979. In the late summer of 1992, D.M.S. was placed, through PATH, in the foster home of defendant Kennedy Barber. Barber repeatedly sexually abused D.M.S. and others placed in his care. At least three other persons have pursued legal actions against Barber and PATH for the abuse. D.M.S. reported the sexual abuse to his mother, who reported the abuse to a PATH representative on February 22, 1993. PATH removed D.M.S. from Barber's home on that day and after that date D.M.S. was not placed by PATH. D.M.S. had additional voluntary contact with Barber, however, and in early 1994, experienced additional abuse in Barber's car and in Barber's home, which was still a PATH foster home at that time.

D.M.S. brought this action against Barber and PATH, alleging injury for the sexual abuse under negligence and respondeat superior claims, but did not perfect service on PATH until June 8, 1999. PATH moved for summary judgment arguing that the negligence-based claims

Patrick T. Tierney, Thomas E. McEllistrem, Collins, Buckley, Sauntry & Haugh, P.L.L.P., St. Paul (for appellant).

Jodeen A. Kozlak, Jeanette M. Bazis, Greene Espel, P.L.L.P., Minneapolis (for respondent).

were barred by the six-year statute of limitations set forth in Minn.Stat. § 541.073 (1992) and that the respondeat superior claims were barred by the two-year statute of limitations for battery claims set forth in Minn.Stat. § 541.07(1) (1992). The district court granted summary judgment in favor of PATH, and D.M.S. appeals.

## ISSUE

Did the district court err in holding that the applicable statutes of limitation barred D.M.S.'s claims against PATH?

## ANALYSIS

■  On appeal from summary judgment, this court determines whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). This court must view the evidence "in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). When the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion reviewed de novo by the appellate court. *Lefto v. Hoggsbreath Enters., Inc.,* 581 N.W.2d 855, 856 (Minn.1998). The applicability of a statute of limitations is a question of law reviewed de novo. *Benigni v. County of St. Louis,* 585 N.W.2d 51, 54 (Minn.1998).

### 1. Statute of limitations for negligence-based claims

Minn.Stat. § 541.073, subd. 2 (1992) provides:

(a) An action for damages based on personal injury caused by sexual abuse must be commenced within six years of the time the plaintiff knew or had

reason to know that the injury was caused by the sexual abuse.

(b) The plaintiff need not establish which act in a continuous series of sexual abuse acts by the defendant caused the injury.

(c) The knowledge of a parent or guardian may not be imputed to a minor.

(d) This section does not affect the suspension of the statute of limitations during a period of disability under section 541.15.

A number of disabilities, including infancy, suspend the running of the period of limitation until the disability is removed, "provided that such period, except in the case of infancy, shall not be extended for more than five years, nor in any case for more than one year after the disability ceases." Minn.Stat. § 541.15(a) (1992).

■  D.M.S. argues that Minnesota law is well established that he had until age 25 to bring his negligence action for injury based on sexual abuse, relying on *W.J.L. v. Bugge,* 573 N.W.2d 677 (Minn.1998) and *Bertram v. Poole,* 597 N.W.2d 309 (Minn. App.1999), *review denied* (Minn. Sept. 28, 1999). As in this case, *W.J.L.* and *Bertram* involve an interpretation of the six-year statute of limitations for sexual abuse actions together with the statute tolling the statute of limitations for infancy, but this case is distinguishable on its facts.

In *W.J.L.,* a 36–year–old woman brought an action against a former teacher for a sexual relationship that began when W.J.L. was 16 years old and ended about two years later. 573 N.W.2d at 679. W.J.L. alleged that after the sexual contact with Bugge ended, she did not think about or talk to anyone about Bugge's conduct until 1992, when a book she read triggered her thoughts that she had been sexually abused by Bugge. *Id.* The issue was whether W.J.L. knew or had reason to know more than six years prior to bringing

her lawsuit that the alleged abuse had occurred. *Id.* at 680.

■ "[A]s a matter of law one is 'injured' if one is sexually abused." *Id.* at 681 (quoting *Blackowiak v. Kemp,* 546 N.W.2d 1, (Minn.1996)). The victim is immediately put on notice of the causal connection between the abuse and the injury so that the statute of limitations begins to run once a victim is abused, unless there is some legal disability such as infancy, that would make a reasonable person *incapable* of recognizing or understanding that abuse had occurred. *Id.* W.J.L. argued that *Blackowiak* was wrongly decided. *Id.* W.J.L. contended that she did not recognize, at the time of the abuse, that she had been emotionally injured and "that she was incapable of understanding the nature of the sexual abuse, the extent of her injuries, and the connection between the two until 1992." *Id.* at 682. The supreme court rejected that argument and held, as in *Blackowiak,* that W.J.L. had not demonstrated any legal or mental disabilities after infancy preventing her from recognizing or understanding that she had been sexually abused. *Id.* The supreme court treated W.J.L.'s entire infancy as a disability that made her incapable of recognizing or understanding that she had be abused, however, and stated:

> Here, absent a disability which serves to delay the running of the statute of limitations, the limitations period under the delayed discovery statute would have begun to run one year after W.J.L. reached the age of majority and expired when she turned 25. W.J.L. does not allege any disability which would have prevented her from pursuing her sexual abuse claims against Bugge within six years of the time she turned 19 years of age.

*Id.* (citation omitted). Because W.J.L. had not brought her action within that time period, the action was time-barred. *Id.*

*Bertram* involved sisters who claimed to have repressed memories of childhood abuse. 597 N.W.2d at 311. Although this court found that there was a material question of fact about whether the disability of repressed memories existed in addition to the infancy disability, this court nonetheless relied on *W.J.L.* as establishing an outside limit on such claims. *Id.* at 314. We held that one victim's claims were not barred because they were brought before she reached the age of 25 and that the other victim's claims were barred because they were brought after she reached the age of 25. *Id.*

The facts of this case are distinguishable. Here, it is undisputed that D.M.S. knew of the sexual abuse and injury in 1993. D.M.S. does not claim lack of understanding due to infancy or repressed memory. The cause of action against PATH accrued on February 22, 1993 when D.M.S. knew of the abuse, and the tolling of the statute of limitations for the disability of infancy ended one year after he reached age 19. Because the six-year statute of limitations did not expire until after D.M.S.'s 19th birthday, D.M.S. had until February 22, 1999, six years after he knew the abuse occurred, to bring his action.

This case is almost identical to *J.J. v. Luckow,* 578 N.W.2d 17 (Minn.App.1998), *review denied* (Minn. July 16, 1998). J.J. was aware that Luckow's conduct, which started several years before J.J. was 18, was improper before the abuse ended on August 24, 1989. *Id.* at 18, 20. J.J. did not bring his lawsuit until more than six years after the abuse ended, when he was 24 years old. *Id.* at 19. This court held that the action was barred by the statute of limitations and that J.J. could not take advantage of language in *W.J.L.,* which he

asserted, gave him until age 25 to sue. *Id.* at 21. As in this case, J.J.'s infancy disability provided him no advantage, because his limitation period was shorter under the one-year infancy rule than under the six-year statute of limitations. *Id.* at 20.

In this case, as in *J.J.,* the abuse was recognized and acknowledged during infancy. D.M.S. does not argue that infancy made him incapable of understanding the abuse, and therefore he is not entitled to the presumption extended in *W.J.L.* and in *Bertram* that the abuse could not reasonably have been discovered during infancy. There is no dispute about when the abuse was known for purposes of triggering the statute of limitations in this case. D.M.S. is in the same situation as all other plaintiffs whose causes of action accrue in infancy. The running of the period of limitations is suspended for not more than one year after the disability ceases. *See Id.* at 20–21 (citing numerous cases involving actions that accrued in infancy holding that the suspension of the period of limitations is in no case for more than one year after the disability ceases). D.M.S. had six years from the date he knew of the abuse, which was later than one year from the end of his infancy disability, to bring his action against PATH. The district court did not err by granting summary judgment to PATH on the negligence claims.

## 2. Doctrine of continuous violations

The district court found that the statute of limitations began to run in this action on February 22, 1993, the undisputed date on which D.M.S. was aware of the abuse and was removed from Barber's home and from PATH's supervision. D.M.S. argues that under the continuous-violation doctrine, the statute should begin to run from the date of the last abuse in early 1994. We disagree.

The district court correctly concluded that after February 22, 1993, PATH had no duty to protect D.M.S. Under Minnesota law, there is no duty to protect another from the criminal acts of others unless a "special relationship" exists between the parties. *H.B. v. Whittemore,* 552 N.W.2d 705, 707 (Minn.1996). PATH did not maintain a "special relationship" with D.M.S. after he was removed from the PATH home. *See, e.g., Donaldson v. Young Women's Christian Ass'n,* 539 N.W.2d 789, 792 (Minn.1995) (finding no "special relationship" existed where relationship lacked the degree of dependence and control necessary). D.M.S. was no longer in PATH's custody after February 22, 1993, and PATH exercised no control over D.M.S.'s welfare. The district court did not err by concluding that PATH had no duty to protect D.M.S. after he left PATH's care in 1993 and that the later acts of Barber cannot be used as the date from which the six-year statute of limitations began to run as to D.M.S.'s claims against PATH.

## 3. Statute of limitations on respondeat superior claim

The district court granted summary judgment to PATH on D.M.S.'s respondeat superior claims based on the two-year statute of limitations for intentional torts contained in Minn.Stat. § 541.07(1) (1992). The parties agree that the statute of limitations for respondeat superior claims is the same as that for the underlying cause of action. *See Kaiser v. Mem'l Blood Ctr. of Minneapolis, Inc.,* 486 N.W.2d 762, 767 (Minn.1992). This court has previously held that when respondeat superior claims are based on intentional torts, the two-year statute of limitations applies rather than the six-year statute of limitations found in Minn.Stat. § 541.073. *See Oelschlager v. Magnuson,* 528 N.W.2d

895, 902 (Minn.App.1995), *review denied* (Minn. April 27, 1995). The district court did not err in ruling that the respondeat superior claim was barred by the two-year statute of limitations for Barber's intentional torts.

## DECISION

D.M.S.'s negligence claim against PATH based on injury from sexual abuse is barred by the six-year statute of limitations where D.M.S. did not allege that infancy or any other disability prevented him from recognizing that he had been abused in 1993, and the six-year statute of limitations expired after his 19th birthday and before he started his lawsuit. D.M.S.'s claims against PATH based on respondeat superior are barred by the two-year statute of limitations.

**Affirmed.**

ROBERT H. SCHUMACHER, Judge (dissenting).

I respectfully dissent. At issue is how to apply the six-year statute of limitations provision of Minn.Stat. § 541.073, subd. 2 (2000), in conjunction with the disability suspension provision of Minn.Stat. § 541.15 (2000). In *W.J.L. v. Bugge*, 573 N.W.2d 677 (Minn.1998), the supreme court noted that under these provisions the limitations period begins to run one year after the victim reaches the age of majority and expires at 25 years of age. *Id.* at 682. In *Bertram v. Poole*, 597 N.W.2d 309 (Minn.App.1999), *review denied* (Minn. Sept. 28, 1999), we followed the supreme court and held that the proper limitation period extends to the age of 25. "Absent any other disability, the statute of limitations for sexual abuse in an infancy situation absolutely tolls when the victim reaches the age of 25." *Id.* at 313–14. Here, when the action was commenced on June 8, 1999, D.M.S. was 19 years of age, well within the limitations period as articulated in *Bertram*. I would follow *Bertram* and reverse.

Regarding the continuing violations doctrine, the statute specifically provides that a plaintiff need not establish which act in a continuous series of sexual abuse acts by the defendant caused the injury. Minn. Stat. § 541.073, subd. 2(b). The district court ruled that there was no evidence that PATH maintained a "special relationship" towards D.M.S. after the February 22, 1993 removal from the PATH home. *See, e.g., Donaldson v. Young Women's Christian Ass'n of Duluth*, 539 N.W.2d 789, 792 (Minn.1995) ("special relationship" imposing duty is found where plaintiff is particularly vulnerable and dependent on defendant and defendant holds considerable power over plaintiff's welfare). But D.M.S.'s proffered evidence shows continuous sexual abuse in the PATH home into 1994. Accordingly, the district court erred by fixing the February 22, 1993 removal date as the date of abuse for the statute of limitations period. I would reverse. PATH had a general duty to prevent future abuse to D.M.S. at the PATH home.