STATE of Minnesota, ex rel. John Remington GRAHAM, Appellant,

v.

William F. KLUMPP, Jr., Respondent.

No. C4–94–1016.

Court of Appeals of Minnesota.

Oct. 18, 1994.

Review Granted Dec. 2, 1994.

John Remington Graham, Crow Wing County Atty., Brainerd, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Sara Jarvinen, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and SCHUMACHER and AMUNDSON, JJ.

## OPINION

DAVIES, Judge.

County attorney appeals judgment dismissing his action challenging the appointment of the attorney general as special prosecutor. We reverse.

## FACTS

After Crow Wing County Attorney John Graham decided not to prosecute two criminal cases, respondent Assistant Attorney General William Klumpp, Jr., was appointed special prosecutor pursuant to Minn.Stat. § 8.01. Relator-appellant Graham filed an action seeking to restrain Klumpp from prosecuting the two cases, arguing that section 8.01 does not allow the appointment of a special prosecutor where an individual has not yet been formally "charged" with a crime. The district court, concluding that Klumpp's appointment was valid, granted a motion dismissing Graham's complaint. This appeal followed.

## ISSUE

Does Minn.Stat. § 8.01 (1992) allow the appointment of a special prosecutor where a person has not yet been charged with a crime by complaint, tab charge, or indictment?

## ANALYSIS

Where, as here, there are no disputed factual issues, the scope of review is whether the district court erred in applying the law. *Illg v. Forum Ins.*, 435 N.W.2d 803, 804 (Minn.1989).

Minn.Stat. § 8.01 provides:

Whenever the governor shall so request, in writing, the attorney general shall prosecute any person *charged* with an indictable offense, and in all such cases may attend upon the grand jury and exercise the powers of a county attorney.

Minn.Stat. § 8.01 (1992) (emphasis added).

The dispute here stems from the statute's use of the word "charged." Graham argues that the statute's plain language limits its application to cases where an individual has already been formally charged with a crime. Klumpp counters that the plain language should not be followed because it leads to an absurd result.

Klumpp's argument is that, read literally, the statute has no utility because an attorney general need not be sent in to carry a case forward if the local county attorney has already arranged for the accused to be charged. But there are at least three occasions where the attorney general would be needed to prosecute, even though the accused had already been charged. One circumstance is where a person has already been charged, but the attorney general is needed to charge by information or grand jury indictment for a different, more appropriate crime. A second circumstance is where the county attorney is overwhelmed, but will not admit it. A third is where a conflict of interest exists.

Klumpp also argues that case law supports a construction contrary to the statute's plain language. But the only relevant Minnesota case is *State ex rel. Wild v. Otis*, 257 N.W.2d 361 (Minn.1977), *cert. denied*, 434 U.S. 1003, 98 S.Ct. 707, 54 L.Ed.2d 746 (1978). In *Otis*, a citizen wanted to prosecute an individual whom the county attorney had refused to prosecute. *Id.* at 363. The court, in approving dismissal of the citizen's complaint, stated that under section 8.01 the citizen could, as an alternative, ask for help from the gover-

nor, "who then might order the attorney general to commence prosecution." *Id.* at 365. But this language is dicta—and not compelling.

Legislative history concerning the relevant statutory sentence—which dates at least as far back as 1905—is nonexistent. We turn, instead, to contemporary dictionaries for guidance on what the word "charged" meant in the era when the statute was passed.

An 1893 dictionary states that charge means:

> To place upon one the burden of crime or guilt; to accuse of a wrong or offense; to indict. The implication is, *usually*, that the offense has been alleged according to the forms of law—*that legal process has issued.*

William C. Anderson, *A Dictionary of Law* 166 (1893) (emphasis added). An 1883 dictionary states:

> [A] charge is an accusation made by a summons, warrant, information, indictment or the like. And the clerk gives the prisoner *in charge* to the jury by reading the indictment, and they are bound to proceed to deliver him until they are discharged.

Stewart Rapalje & Robert L. Lawrence, *A Dictionary of American and English Law* 196–97 (1883) (emphasis in original). Bouvier's law dictionary of that same year states that

> charging a person with the commission of a crime is pointing out the individual who is bound to answer for the wrong committed.

John Bouvier, *Law Dictionary* 301 (1883). And an 1879 dictionary states that "charged with a crime"

> embraces *only* cases where there has been a charge of crime duly made by a complaint before a magistrate, or indictment by the grand jury * * *. The phrase means *something more than suspected or accused of crime* by popular opinion or rumor.

Benj. Vaughan Abbott, *Dictionary of Terms and Phrases used in American or English Jurisprudence* 208 (1879) (emphasis added). Furthermore, the phrase is intended to apply "only in cases where legal process had been previously issued." *Id.*

"Charged" is currently defined as an "[a]ccusation of crime by complaint, indictment or information." *Black's Law Dictionary* 233 (6th ed. 1990). Under our Rules of Criminal Procedure, the

> complaint, tab charge and indictment are the only accusatory pleadings by which a prosecution may be initiated and upon which it may be based.

Minn.R.Crim.P. 2 cmt. (noting that the "complaint" has replaced the "information").

■ Because the definition of "charged"— both in the era of enactment and now— indicates that the word only refers to an individual to whom legal process has already issued, and because such a definition provides the plain language of section 8.01, we agree that Minn.Stat. § 8.01 (1992) does not now allow the appointment of a special prosecutor for a case where a person has not yet been charged with a crime by complaint, tab charge, or indictment.[1]

As a final point, we note that the legislature has specifically provided that county attorney inaction should be overridden in some contexts. *See* Minn.Stat. § 270.68 (1992) ("If a [tax collection] proceeding is referred to a county attorney, and the county attorney fails to issue or cause to be issued an indictment or criminal complaint within 30 days * * * the attorney general may conduct the proceeding."); *see also* Minn.Stat. § 349.22, subd. 2 (1992) ("If the county attorney fails to initiate the prosecution [of violations of the lawful gambling statutes] within 30 days, the attorney general may initiate the prosecution."). This suggests a legislative intent generally to leave with county attorneys the decision whether to prosecute.

The parties raise several secondary issues. Graham contests the validity of an ex parte

---

**1.** We note that our decision may appear to conflict with our order filed June 29, 1994, denying discretionary review in *State v. Davis*, No. C1–94–1183 (Minn.App. June 29, 1994), but paragraph 3 of that order specifically states:

> This order shall not be construed as an expression of opinion on the merits precluding petitioner from raising the [issue] in any future appeal.

appointment under Minn.Stat. § 388.12 (1992). Because of our decision, we need not review this issue. And, although issues related to Graham's quo warranto jurisdiction were raised, Klumpp concedes that he "does not challenge that assumption of jurisdiction," and that he "does not deny that appellant may bring an action in the nature of a quo warranto." Finally, Klumpp argues that Graham lacks standing to challenge the grand jury indictments. But Graham "does not ask that those indictments be dismissed in this suit."

## DECISION

The district court erred in granting judgment dismissing county attorney's challenge to the appointment of a special prosecutor under Minn.Stat. § 8.01 where a person had not yet been charged with a crime by complaint, tab charge, or indictment.

**Reversed.**