STATE of Minnesota, ex. rel. John
Remington GRAHAM,
Respondent,

v.

William F. KLUMPP, Jr., Appellant,

and

State of Minnesota, Appellant,

Todd Michael Davis, Anthony Carl
Eklund, Respondents.

Nos. C4–94–1016, C1–94–2253
and C3–94–2254.

Supreme Court of Minnesota.

Aug. 25, 1995.

Catharine F. Haukedahl, Sol. Gen., St.
Paul, and William F. Klumpp, Jr., Asst. Atty.
Gen., St. Paul, for appellant.

Donald F. Ryan, Crow Wing County Atty.,
Brainerd, for John Remington Graham, C4-
94-1016.

Howard I. Bass, Minneapolis, for Todd
Michael Davis, C1-94-2253.

Donald George Kirchner, Brainerd, for An-
thony Carl Eklund, C3-94-2254.

## OPINION

TOMLJANOVICH, Justice.

This case arises from three interrelated claims that were filed in response to the Governor of Minnesota's request pursuant to Minn.Stat. § 8.01 (1992) for the attorney general to prosecute Anthony Eklund and Todd Davis for alleged criminal sexual conduct and the Crow Wing County District Court's simultaneous appointment pursuant to Minn.Stat. § 388.12 (1992) of the attorney general to prosecute Eklund and Davis. The court of appeals concluded that under Minn. Stat. § 8.01 the governor's request for the attorney general to prosecute Eklund and Davis was invalid. As a result, the district court dismissed the indictments which had been obtained against Eklund and Davis. We reverse, concluding that the governor's request for the attorney general to prosecute Eklund and Davis pursuant to Minn.Stat. § 8.01 was valid. Accordingly, we reinstate the indictments against Eklund and Davis.

On February 27, 1992, the Crow Wing County Attorney John Remington Graham filed a criminal complaint against Eklund alleging criminal sexual conduct. Graham later dismissed the complaint. On June 26, 1992, Graham received a police report suggesting that Davis be charged with criminal sexual conduct. Graham did not file a criminal complaint against Davis. Subsequently, a delegation of citizens from Crow Wing County including the sheriff and two county commissioners requested that the attorney general and the governor review a number of instances of alleged intra-familial sexual misconduct which the citizens felt Graham erroneously had declined to prosecute. After reviewing these cases, the attorney general asked Graham to appoint the attorney general as a special prosecutor in the Eklund and Davis cases pursuant to Minn.Stat. § 8.01. On February 2 and 4, 1993, Graham refused this request.

On February 4, 1993, pursuant to Minn. Stat. § 8.01, the governor requested, in writing, the attorney general prosecute these two cases. At the time the governor made this request, neither Eklund nor Davis had been formally charged with a crime. The attorney general in turn appointed several of his assistant attorneys general to act on his behalf in these cases. Of those assistants, appellant William F. Klumpp, Jr. took the oath of office of Special Assistant Crow Wing County Attorney. On that same day, the attorney general also moved *ex parte* for an order from the Crow Wing County District Court appointing the attorney general and the attorney general's designees to act as special prosecutor in these two cases pursuant to Minn.Stat. § 388.12. The district court granted this motion and issued an order appointing the attorney general as a special prosecutor in the Eklund and Davis cases.

Klumpp obtained grand jury indictments against Eklund and Davis. Davis filed a motion to dismiss the indictment, arguing that the governor's request was invalid under Minn.Stat. § 8.01; and the district court's appointment was invalid under Minn.Stat. § 388.12. The district court denied the motion. Graham then brought an action in the nature of *quo warranto* [1] or, in the alternative, for a declaratory judgment claiming that the governor's request and the district court's appointment were legally invalid and constituted usurpation of Graham's office. The district court concluded that Minn.Stat. § 8.01 authorized the governor to appoint the attorney general, and dismissed Graham's complaint for failure to state a claim for which relief could be granted. The district court did not address the relevancy or the validity of the district court's appointment of the attorney general pursuant to Minn.Stat. § 388.12.

The court of appeals reversed the judgment of the district court interpreting Minn. Stat. § 8.01 as allowing the governor to request a special prosecutor only if formal legal process has been commenced. *State ex rel. Graham v. Klumpp,* 523 N.W.2d 8, 10 (Minn.

---

1. An action in the nature of *quo warranto* is a "common law writ designed to test whether a person exercising power is legally entitled to do so. * * * It is intended to prevent exercises of powers that are not conferred by law * * *." *Black's Law Dictionary* 1256 (6th ed. 1990).

App.1994). Because neither Eklund nor Davis had been charged with a crime when the governor requested the attorney general to prosecute them, the court of appeals concluded the governor's action was invalid. *Id.* at 11. The court of appeals further stated: "[b]ecause of our decision, we need not review [the] issue" of the validity of the appointment of the prosecutor by the district court pursuant to section 388.12. *Id.*

Based on the court of appeals' decision, Eklund and Davis filed motions claiming the indictments Klumpp obtained against them should be dismissed, because the governor's request was invalid. On October 31, 1994, the district court dismissed both indictments and the state filed the present pre-trial appeal.

Two issues are presented on appeal: whether the governor's request for the attorney general to prosecute Eklund and Davis was valid under Minn.Stat. § 8.01, and whether the Crow Wing County District Court's appointment of the attorney general was valid under Minn.Stat. § 388.12. Resolution of these issues will determine whether the district court appropriately dismissed the indictments obtained against Eklund and Davis.

■ A district court's dismissal of a complaint is reviewed *de novo. See Elzie v. Commissioner of Pub. Safety,* 298 N.W.2d 29, 32 (Minn.1980). Similarly, whether the district court properly construed a statute is reviewed *de novo. Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

■ Section 8.01 states in relevant part: Whenever the governor shall so request, in writing, the attorney general shall prosecute any person charged with an indictable offense, and in all such cases may attend upon the grand jury and exercise the powers of a county attorney.

The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Minn.Stat. § 645.16 (1994). Where the intention of the legislature is clearly manifested by plain unambiguous language, no construction is necessary or permitted. *Lenz v. Coon Creek*

*Watershed Dist.,* 278 Minn. 1, 153 N.W.2d 209 (1967).

■ We conclude that at least two reasonable interpretations of section 8.01 exist. The phrase "in all such cases" creates an ambiguity because it is not clear to which cases it is referring. One interpretation is that the phrase "in all such cases" refers to cases in which a person is charged with an indictable offense. Under this interpretation the statute reads:

> Whenever the governor shall so request, in writing, the attorney general shall prosecute any person charged with an indictable offense, and in [all cases where a person is charged with an indictable offense, the attorney general] may attend upon the grand jury and exercise the powers of a county attorney.

Based on this interpretation of the statute, the parties argue over whether the word "charged" should be defined narrowly to mean a person is charged only when formal legal process has been commenced against that individual, or whether the word "charged" should be defined broadly so that to charge a person encompasses accusing a person of a crime as well as formally charging that person with a crime.

Under another interpretation of this statute, which we believe is correct, the phrase "in all such cases" refers to cases where the governor has made a request in writing of the attorney general to prosecute. Using this interpretation, the statute reads:

> Whenever the governor shall so request, in writing, the attorney general shall prosecute any person charged with an indictable offense, and [whenever the governor shall so request, in writing, the attorney general] may attend upon the grand jury and exercise the powers of a county attorney.

Previously, we have treated the phrase "in all such cases" as referring to all such cases where the governor so requests, in writing. *See State v. Connelly,* 249 Minn. 429, 432–35, 82 N.W.2d 489, 492–93 (1957). We continue to believe that this is the appropriate reading of the statute.

Under this construction we believe that the first portion of this statute "whenever the governor shall so request, in writing, the attorney general shall prosecute any person charged with an indictable offense" is a directive mandating that the attorney general prosecute if a person is charged with an indictable offense. The second portion of the statute gives the attorney general the discretion to attend upon the grand jury and exercise the powers of a county attorney whenever the governor shall so request, in writing.

In this case, neither Eklund nor Davis had been formally charged with a crime, however, each was accused of sexual abuse. The attorney general obtained a grand jury indictment against them. Had the attorney general charged them by complaint, then we would have to decide whether the word "charge" means formally charging a person or also means accusing a person. Because the attorney general decided to attend upon a grand jury, this portion of the statute is not implicated. Instead, we believe that in accordance with the statute, upon the governor requesting, in writing, that the attorney general should prosecute Eklund and Davis, the attorney general attended upon the grand jury and obtained an indictment. Thus, we believe that the governor's request and the subsequent indictments were valid.

Having decided the governor validly requested the attorney general to prosecute Eklund and Davis pursuant to Minn.Stat. § 8.01, we decline to consider the validity of the district court's appointment of the attorney general pursuant to Minn.Stat. § 388.12. Although there may be constitutional objections to this statute, we need not resolve those considerations at this date.

Reversed.

STRINGER, J., took no part in the consideration or decision of this case.