In re CONSERVATORSHIP OF Thomas Francis MALECHA, Conservatee.

No. C7–99–1272.

Court of Appeals of Minnesota.

March 14, 2000.

James R. Korman, Faribault, MN (for appellant conservator).

Philip M. Zrimsek, Northfield, MN (for conservatee).

G. Paul Beaumaster, Rice County Attorney, Faribault, MN (for respondent Rice County).

Considered and decided by LANSING, Presiding Judge, DAVIES, Judge, and HARTEN, Judge.

## OPINION

LANSING, Judge.

Conservator Lawrence Malecha challenges the district court's partial denial of attorneys' and conservators' fees, which was based on the court's determination that conservatee Thomas Malecha was not indigent when the fees were earned. Because the asset-transfer provision under the medical-assistance statute is not a component of the definition of indigency under the conservatorship statute, we reverse.

## FACTS

The district court appointed Lawrence Malecha conservator for his uncle, Thomas Malecha, on February 8, 1998. Thomas Malecha had lived independently on his Rice County homestead until he suffered a debilitating stroke in December 1997. Since that time, he has resided in a nursing home.

After he was appointed conservator, Lawrence Malecha learned that his uncle had, on November 26, 1996, deeded his homestead to him and Linda Bigley, reserving a life estate. Because of this asset transfer, Thomas Malecha was found ineligible for medical assistance and required to pay his nursing home costs until the period of ineligibility expired on July 1, 1998.

In May 1999, Lawrence Malecha moved for conservators' and attorneys' fees under Minn.Stat. § 525.703 (1998). He requested that the county pay the fees incurred throughout the conservatorship, arguing that because of Thomas Malecha's indigen-

cy, the fees could not be paid otherwise. The district court awarded fees incurred after July 1, 1998, but denied fees incurred between February 8 and July 1, 1998. Lawrence Malecha appeals the denial of fees.

## ISSUE

Did the district court err by incorporating the asset-transfer provision of the medical-assistance statute, Minn.Stat. § 256B.0595 (1998), into its determination of whether Thomas Malecha was indigent under the conservatorship statute, Minn. Stat. § 525.703 (1998)?

## ANALYSIS

■ Generally, we review a district court's decision to award or deny attorneys' fees for abuse of discretion. *In re Estate of Van Den Boom,* 590 N.W.2d 350, 354 (Minn.App.1999), *review denied* (Minn. May 26, 1999). The interpretation of a statute, however, is an issue of law that we review de novo. *Lolling v. Midwest Patrol,* 545 N.W.2d 372, 375 (Minn.1996); *see also Van Den Boom,* 590 N.W.2d at 354 (distinguishing between statutory eligibility for attorneys' fees and reasonableness of attorneys' fees award). Because the district court based its denial of fees on its interpretation of the conservatorship statute, we review the district court's decision de novo.

Our objective in statutory interpretation is to effectuate the legislature's intent, and — absent ambiguity or absurdity — we will not depart from the plain meaning of a statute. Minn.Stat. § 645.16 (1998); *State ex rel. Graham v. Klumpp,* 536 N.W.2d 613, 615 (Minn.1995). When a statute does not specifically define its terms, we look to the common and approved usage of those terms. Minn.Stat. § 645.08(1) (1998); *City of St. Louis Park v. King,* 246 Minn. 422, 428, 75 N.W.2d 487, 492 (1956).

Fees for necessary services provided by conservators and attorneys are governed by Minn.Stat. § 525.703, subds. 2, 3 (1998).

If a court determines that necessary services have been provided, it may order reasonable fees "to be paid from the estate of the ward or conservatee or from the county having jurisdiction over the proceedings if the ward or conservatee is indigent." *Id.* The conservatorship statute does not define indigent.

The district court determined that Thomas Malecha was not indigent until July 1, 1998. In reaching that conclusion, the court incorporated the asset-transfer provision of the medical-assistance statute, Minn.Stat. § 256B.0595, subd. 1(b) (1998). That statute prohibits the transfer of certain assets for the purpose of establishing medical-assistance eligibility. *Id.* The statute creates a rebuttable presumption that any transfer within 36 months before or after an institutionalized person applies for medical assistance is made for the purpose of establishing eligibility. *Id.* If the applicant does not rebut that presumption, the applicant will be ineligible for assistance for a determined time period. *See* Minn.Stat. § 256B.0595, subd. 2(b) (1998) (period of ineligibility based on market value of transferred asset). Because Thomas Malecha had transferred his homestead within 36 months before applying for medical assistance, he was ineligible for medical assistance until July 1, 1998. The district court similarly concluded that because of his asset transfer, he was not indigent within the meaning of the conservatorship statute until July 1, 1998.

No language in the statute suggests that the legislature intended that the asset-transfer provision of the medical-assistance statute be applied to the determination of indigency under the conservatorship statute. The medical-assistance and conservatorship statutes are wholly separate statutory schemes. That the legislature has provided a detailed formula for determining eligibility under one statute and not the other does not justify incorporation. *See State ex rel. Verbon v. St. Louis County,* 216 Minn. 140, 143–45, 12

N.W.2d 193, 195–96 (1943) (civil-service employee not entitled to procedural safeguards detailed in statute applicable to classified employees, when statute applicable to civil-service employees failed to address procedural safeguards).

■ The statute does refer to the medical-assistance statute, providing that the court may not deny an award of fees to a conservator solely because the conservatee is receiving medical assistance. Minn.Stat. § 525.703, subd. 3. But we do not believe this passing reference provides a basis to incorporate the eligibility standards of the medical-assistance statute. The conservatorship statute also refers to the in forma pauperis statute, Minn.Stat. § 563.01 (1998), which provides a separate set of eligibility standards. Minn.Stat. § 525.703, subd. 1 (1998) (petitions under conservatorship statutes may proceed in forma pauperis). Lacking any indication that the legislature intended the asset-transfer provision to apply in the conservatorship context, we conclude that the asset-transfer provision may not be applied in a way that makes it a component of the definition of indigency.

■ We are left to determine, without specific statutory guidance, what "indigent" means in the conservatorship context. Lawrence Malecha suggests two other statutory means-based tests: the in forma pauperis statute, Minn.Stat. § 563.01, and the public-defender-eligibility rules, Minn. R.Crim. P. 5.02 (1998).[1] Adopting wholesale either of these standards presents the same problem as incorporating the medical-assistance standard, that is, nothing suggests that the legislature intended that these tests be read into the conservatorship statute.

■ Lawrence Malecha urges this court to adopt the public-defender standard because the Minnesota Supreme Court has adopted it in other civil contexts. *See Cox*

*v. Slama*, 355 N.W.2d 401, 403 (Minn.1984) (civil-contempt proceedings for failure to pay child support); *Hepfel v. Bashaw*, 279 N.W.2d 342, 348 (Minn.1979) (paternity action). But in those cases, the supreme court required that counsel be appointed for indigent parties under its "supervisory powers to ensure the fair administration of justice." *Cox*, 355 N.W.2d at 403, *Hepfel*, 279 N.W.2d at 348. Because the court created the right to counsel in those contexts, it could also designate the standard for determining indigence. But we are instead interpreting a statutory right to conservators' and attorneys' fees. And when the legislature has omitted a standard, this court is not free to designate one. *State v. Moseng*, 254 Minn. 263, 269, 95 N.W.2d 6, 11 (1959); *Isse v. Alamo Rent–A–Car*, 590 N.W.2d 137, 140 (Minn. App.1999), *review denied* (Minn. Apr. 20, 1999).

Absent a statutory standard for determining indigence, we look to the common meaning of the term. Indigent is generally defined as "lacking the means of subsistence; impoverished; needy." *American Heritage Dictionary* 670 (New College Ed.1982). The Minnesota statutes have treated indigence as an inability to afford a certain item or service. *See, e.g.*, Minn. Stat. §§ 563.01, subd. 3 (party may proceed in forma pauperis if "financially unable to pay" fees and costs); 611.21(a) (1998) (criminal defendant entitled to services other than counsel if "financially unable to obtain them"); 590.05 (1998) (indigent petitioners for postconviction relief entitled to public-defender representation if "financially unable to obtain counsel"); 261.21, subd. 1 (1998) (county authorized to provide hospitalization for indigent persons who are "unable financially to secure and pay for such hospitalization"); Minn. R.Crim. P. 5.02, subd. 3 (1998) (public defender appointed for those who are "financially unable to afford counsel").

---

1. We note that rule 5.02 has recently been amended. *See* Minn. R.Crim. P. 5.02 (effective Jan. 1, 1999). Because we reject application of the rule, we do not address the effect of the amendment on the analysis under the rule.

We conclude that the district court should make a determination of indigency based on the plain meaning of the term. The court may consider factors from other need-based statutes, but those factors should not be applied exclusively or conclusively. Courts may consider the conservatee's income and assets, whether the conservatee is a recipient of public assistance, and whether the conservatee has been rejected by counsel because of inability to pay. *See, e.g.,* Minn.Stat. § 563.01 (party entitled to proceed in forma pauperis if receiving public assistance, represented by legal-aid counsel, or if annual income is less than 125 percent of federal poverty guideline); Minn. R.Crim. P. 5.02(3) (1999) (party entitled to public defender if receiving public assistance, cannot afford counsel, or has been rejected by counsel because of inability to pay). We note, however, that the common meaning of "indigent" does not generally inquire into the circumstances under which a party became unable to afford items or services. We further note that although the facts in this case do not suggest bad faith, the guardianship statute permits courts to order that fees and costs be borne by a petitioner, conservator, or guardian who is not acting in good faith. Minn.Stat. § 525.703, subd. 2.

## DECISION

The asset-transfer provision of the medical-assistance statute is not a component of the definition of indigency under the conservatorship statute. We therefore reverse the district court's determination that Thomas Malecha was not indigent before July 1, 1998, and remand for a determination of indigency in accordance with this opinion.

**Reversed and remanded.**