In re the **CONSERVATORSHIP OF Pauline MILLER, Conservatee.**

**No. C4–01–1697.**

Court of Appeals of Minnesota.

April 16, 2002.

Mary Ferris Jensen, Minneapolis, MN, attorney pro se.

Mark A. Ostrem, Rochester, MN, for respondent Conservatee.

Raymond F. Schmitz, Olmsted County Attorney, Brent Eliot Walz, Assistant County Attorney, Rochester, MN, for respondent county.

Considered and decided by RANDALL, Presiding Judge, KLAPHAKE, Judge, and HUSPENI, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

KLAPHAKE, Judge.

After a conservator retained appellant, attorney Mary Ferris Jensen, to defend against a county's petition to appoint a successor conservator, the district court denied appellant's request for attorney fees and costs to be paid from the conservatee's estate. Appellant contends that the district court misapplied Minn.Stat. § 525.703 (2000), regarding the types of services for which attorney fees may be recovered in conservatorships, and that the court erred in failing to award fees under Minn.Stat. § 525.515 (2000), a more general provision controlling the award of attorney fees in probate proceedings. Because we conclude that Minn.Stat. § 525.703 applies here and mandates an award of reasonable attorney fees, we reverse and remand. Given this disposition, we deny respondent's motion for attorney fees on appeal.

## FACTS

On November 2, 1999, the district court appointed Vicki Berg as conservator over the person and estate of respondent Pauline Miller. Miller had begun to suffer from dementia and depression and was eventually moved to an assisted living care facility. During the year following Berg's appointment, Miller's family became dissatisfied with her services, claiming that Berg was not fully aware of Miller's medical conditions, failed to properly handle Miller's finances or property, and was abrasive in her communications with the family.

On Miller's behalf and based on her status as a vulnerable adult, Olmstead County petitioned for appointment of a successor conservator on October 5, 2000. Consistent with the parties' wishes, the district court appointed social worker Mary McGurran as an expert to evaluate

the merits of removing Berg as conservator. Berg retained appellant to represent her in connection with the petition to appoint a successor conservator. After conducting an investigation into the matter, McGurran recommended that Berg resign, although her report did not indicate any impropriety in Berg's actions as conservator. Pursuant to a May 31, 2001 court order mandating her resignation, Berg resigned as conservator.

As was contemplated in the May 31 order, appellant petitioned for an award of $4,155.25 in attorney fees and $59.25 in costs from respondent's estate for services that appellant had provided to Berg in defending against the petition to appoint a successor conservator. The district court declined to award attorney fees to appellant, concluding that a fee award was not authorized by Minn.Stat. § 525.703, subd. 2 (2000), which enumerates three bases for recovery of attorney fees from a conservatee's estate. The court also found that Minn.Stat. § 525.515 (2000), a more general provision providing for attorney fees in probate proceedings, did not apply under the circumstances of this case.

## ISSUE

Did the district court err in denying appellant's petition for attorney fees incurred in defending Berg against a petition to appoint a successor conservator?

## ANALYSIS

██ An appellate court reviews a district court decision on whether to award attorney fees for abuse of the district court's discretion. *In re Conservatorship of Malecha,* 607 N.W.2d 449, 451 (Minn. App.2000). An appellate court reviews de novo a district court's interpretation of a statute providing for an award of attorney fees. *Id.* Unless provided for by statute or

contract, a party generally may not recover attorney fees from another party. *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000).

### 1. Minn.Stat. § 525.703, subd. 2

Appellant contends that the district court erred in concluding that she was not entitled to attorney fees for representing Berg in the dispute over whether to appoint a successor conservator. Minn.Stat. § 525.703, subd. 2 (2000) provides that an attorney

rendering necessary services with regard to the appointment of a guardian or conservator, the administration of the ward's or conservatee's estate or personal affairs or the restoration of that person's capacity, shall be entitled to reasonable compensation from the estate of the ward or conservatee * * *. When the court determines that other necessary services have been provided for the benefit of the ward or conservatee by a lawyer * * *, the court may order reasonable fees to be paid from the estate of the ward or conservatee * * *. If, however, the court determines that a petitioner, guardian or conservator has not acted in good faith, the court shall order some or all of the fees or costs incurred in the proceedings to be borne by the petitioner, guardian, or conservator not acting in good faith.

In declining to award attorney fees to appellant, the district court found that the fees were not for necessary services pertaining to Berg's appointment, were not incurred in the administration of respondent's estate or personal affairs, and were not incurred to restore respondent to capacity. The court concluded, "The contractual obligation for attorney's fees was strictly between the conservator and the petitioner and should not be borne by [respondent's] estate."

While there is neat logic to the district court's reasoning, we disagree with the court's narrow interpretation of Minn. Stat. § 525.703 on several grounds. First, the services provided by appellant involved Berg's continuing appointment as a conservator and thus fell within the ambit of reimbursable services. Although appellant was hired to defend, rather than initiate, Berg's appointment, her services nonetheless were necessary to Berg's continued appointment. In addition, benefit to the conservatee is the hallmark of the reimbursable services enumerated in this statute, and resolution of the underlying dispute between respondent's heirs and Berg benefited the estate by adding finality to the matter.

Further, because Minnesota courts have a strong interest in the proper administration of justice, we prefer that disputes involving the propriety of a conservator's continuing appointment are resolved only after proper investigation, development of factual information, and court involvement. A denial of fees here might have a chilling effect on other conservators' willingness to continue as conservators, even in the best of circumstances. Any conservator who might attempt to improperly obtain attorney fees is effectively prevented from doing so, given the good-faith requirement in the statute and the discretion of the district court to determine a reasonable amount of fees.

Moreover, we note that corporations often act as conservators and must be represented by an attorney in any court appearance. *See Nicollet Restoration, Inc. v. Turnham*, 486 N.W.2d 753, 754 (Minn.1992) (Minnesota follows common law rule that corporation must be represented by counsel to appear in court). Thus, our interpretation of Minn.Stat.

§ 525.703 encourages uniformity and fairness in the law by allowing both corporate and personal conservators to be reimbursed for their necessary and reasonable attorney fees.

■ Finally, our interpretation of Minn. Stat. § 525.703 is consistent with analogous statutes that allow an attorney providing services to one party to be reimbursed by another party for those services. *See, e.g.,* Minn.Stat. § 524.3–720 (2000) (attorney fees of personal representative acting in good faith, even in defense of representative status, paid for from estate).

We therefore reverse the district court's order denying appellant's attorney fees request. Because the district court did not find that Berg was acting in bad faith[1] in defending against the successor petition and because we do not believe that the record would sustain such a finding, we remand solely for a determination of the reasonable amount of attorney fees to be awarded to appellant.

## 2. *Minn.Stat. § 525.515*

■ Appellant also claims that Minn. Stat. § 525.515 (2000) provides a statutory basis for determining what amount constitutes "reasonable compensation" for an attorney. Section 525.515(a) allows for a "just and reasonable" award of attorney fees "out of the estate" where the attorney is "performing services for the estate at the instance of the * * * conservator." The statute applies "to all probate proceedings." *Id.* In declining to award attorney fees under this statute, the district court stated, "this statutory section relates solely to probate proceedings and is not

appropriate for analysis of the instant situation." It is apparent from reading other provisions of this statute that the attorney fees contemplated are solely fees related to services provided to a testator in probate proceedings. *See* Minn.Stat. § 525.515(b) (2000) (attorney fees determined by agreement between attorney and "testator" or by factors that provide basis for determining reasonable fee). Here, the conservator, not the testator, hired the attorney. Minn.Stat. § 525.515 does not specifically cover payment of attorney fees incurred by an attorney acting on behalf of a conservator, while Minn.Stat. § 525.703, subd. 2, does specifically contemplate such an arrangement. Thus, the specific provisions of Minn.Stat. § 525.703, subd. 2, control whether appellant is entitled to attorney fees in this case. *See* Minn.Stat. § 645.26, subd. 1 (2000) (particular or special provisions in statute given effect over conflicting general provision in another statute). The district court therefore did not err in its interpretation of Minn.Stat. § 525.515.

Finally, respondent moves for attorney fees on appeal, asserting that the appeal "is without merit." Because appellant raised valid arguments and we are reversing, we deny respondent's motion for attorney fees on appeal.

## DECISION

The district court erred in declining to award appellant a reasonable amount of attorney fees from respondent's estate for the necessary services appellant provided to the conservator in defending a challenge

---

1. The district court noted in its memorandum of law attached to its order denying attorney fees that "[a]rguably" it "could find that the conservator, in contesting the successor conservator petition acted in bad faith and not in the best interests of the conservatee." This language may resemble a finding, but it is hypothetical and amounts to non-binding dicta. *See Hahn v. Tri–Line Farmers Co–op,* 478 N.W.2d 515, 521 (Minn.App.1991), *review denied* (Minn. Jan. 27, 1992).

to her conservatorship. Respondent's motion for attorney fees on appeal is denied.

**Reversed and remanded; motion denied.**