*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2290**

In the Matter of the Conservatorship of:
Catherine C. Chapman, Protected Person.

**Filed October 14, 2014
Affirmed in part and remanded
Bjorkman, Judge**

Hennepin County District Court
File No. 27-GC-PR-11-155

Catherine C. Chapman, Minneapolis, Minnesota (pro se appellant)

Renee Kinzer, Minneapolis, Minnesota (pro se appellant)

Lori D. Skibbie, Estate & Elder Law Services, Minneapolis, Minnesota (for respondent Senior Options, Inc.)

Considered and decided by Smith, Presiding Judge; Larkin, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellants challenge the final accounting of a terminated conservatorship, arguing that the district court erred by (1) charging attorney fees to the protected person's estate, (2) denying both a continuance for an audit and a petition to surcharge the conservator, and (3) approving the final accounting. We affirm in part and remand.

# FACTS

In April 2011, the district court placed appellant Catherine C. Chapman under an emergency conservatorship, pursuant to her son's petition. Six months later, the emergency conservator was replaced by Kimberly Tophen, an employee of respondent Senior Options, Inc. (conservator). In March 2013, Chapman filed a petition for restoration of capacity. The district court granted the petition and the conservatorship was terminated on August 1.

On August 14, the district court held a contested hearing regarding the conservator's final accounting. Chapman's attorney filed written objections prior to the hearing. At the hearing, counsel withdrew all of Chapman's objections, except one pertaining to the reasonableness of the attorney fees incurred by the conservator. Chapman also requested a continuance to allow for an independent audit, which the district court denied.

Chapman's daughter, appellant Renee Kinzer, appeared as an interested person. She objected to the final accounting and presented numerous challenges to the requested attorney fees. The district court gave Chapman and Kinzer until August 23 to submit written post-hearing objections. Chapman timely filed her objections.

On September 17, the district court issued an order approving the final accounting and awarding attorney fees in the amount of $36,521.36. On the same day, Kinzer filed her objections and a petition to surcharge the conservator for alleged misconduct. The district court concluded in a supplemental order that Kinzer's objections lacked merit and that her petition to surcharge the conservator was untimely. This appeal follows.

## DECISION

**I.** **The district court did not clearly err by finding the conservatorship reasonably incurred $36,521 in attorney fees but remand is necessary to determine whether Chapman is indigent.**

An attorney who provides "necessary services" for the benefit of a conservatorship or protected person is "entitled to compensation from the protected person's estate or from the county having jurisdiction over the proceedings if the ward or protected person is indigent." Minn. Stat. § 524.5-502(b) (2012). In the absence of a prior agreement, courts consider the following factors when determining whether the attorney fees are fair and reasonable:

> (1) the time and labor required;
> (2) the experience and knowledge of the attorney;
> (3) the complexity and novelty of problems involved;
> (4) the extent of the responsibilities assumed and the results obtained; and
> (5) the sufficiency of assets properly available to pay for the services.

Minn. Stat. § 525.515(b) (2012). We review a district court's award of attorney fees for an abuse of discretion, but the reasonableness of fees is a fact question that we will not set aside unless it is clearly erroneous. *In re Conservatorship of Mansur*, 367 N.W.2d 550, 552 (Minn. App. 1985), *review denied* (Minn. July 11, 1985).

Chapman and Kinzer challenge the attorney fees charged to Chapman's estate, arguing (1) the fees are not reasonable, (2) the estate is not responsible for fees incurred during the emergency conservatorship, and (3) Hennepin County should pay all fees because Chapman is indigent. We address each argument in turn.

3

**Reasonableness**

Chapman and Kinzer contend the attorney fees charged to the estate are excessive and the legal work they reflect did not benefit Chapman. We disagree. First, the district court reviewed billing statements from the attorneys who represented the two conservators and the attorney who represented Chapman during the conservatorship proceedings.[1] The record supports the district court's finding that the $200 hourly billing rate each attorney charged is reasonable.

Second, the district court found that the requested fees represented services performed to benefit the conservatorship and Chapman. The record sustains this finding. The district court expressly credited Tophen's explanation that the attorney fees were higher than usual because "of the initial contested proceeding and Ms. Chapman's continual opposition to the guardianship proceedings and the authority of the Conservator." From the beginning, Chapman chose to challenge various aspects of the conservatorship, and retained legal counsel to do so. In response, the conservators were required to enlist attorneys to represent the conservatorship. While Chapman and Kinzer may be dissatisfied with the results that counsel obtained, that in itself does not mean that the work was not done for Chapman's benefit. In sum, the record substantially supports the district court's findings that the legal services performed in support of the conservatorship and Chapman were necessary and the fees are reasonable.

---

[1] We note that more than $13,200 of the challenged attorney fees were generated by Chapman's attorney.

4

**Attorney fees associated with previous conservatorship**

Chapman and Kinzer next argue that Chapman's estate should not be charged for attorney fees incurred during the emergency conservatorship for which a final accounting was performed in 2011. We disagree. The record indicates that the attorney fees incurred during the emergency conservatorship were not accounted for in the earlier accounting. Charging those fees to Chapman's estate at this stage would not be duplicative; failure to do so would permit the estate to avoid its obligation to compensate its attorneys for services provided to Chapman or the conservatorship. On this record, we conclude the district court did not abuse its discretion by incorporating the attorney fees incurred during the emergency conservatorship into the final accounting.

**Indigence**

Finally, Chapman and Kinzer contend that attorney fees should be charged to Hennepin County because Chapman is indigent. This argument has merit. As noted above, conservatorship attorney fees are to be paid by "the county having jurisdiction over the proceedings" if the protected person is indigent. Minn. Stat. § 524.5-502(b). The record indicates Chapman was granted in forma pauperis (IFP) status in November 2012 under Minn. Stat. § 563.01 (2012).

While Chapman's IFP status is not determinative of whether she is indigent, it is relevant. *See In re Conservatorship of Malecha*, 607 N.W.2d 449, 452-53 (Minn. App. 2000). Accordingly, we remand for the district court to determine whether Chapman is indigent so as to require payment of the attorney fees by Hennepin County.

**II.** **The district court did not abuse its discretion by denying appellants' requests to continue the final-accounting hearing and Kinzer's petition to surcharge the conservator.**

The granting of a continuance is within the district court's discretion, "based on all facts and circumstances surrounding the request." *State v. Worthy*, 583 N.W.2d 270, 278 (Minn. 1998). We will not reverse a district court's denial of a continuance request absent abuse of discretion. *Dunshee v. Douglas*, 255 N.W.2d 42, 45 (Minn. 1977).

At the hearing on the final accounting, Chapman requested a continuance to obtain an independent audit. The district court denied the request, stating that another audit would be "at the very least duplicative," and noting in its supplemental order that the conservator's annual accounting had been audited by the Conservator Account Auditing Program (CAAP) and there was "no evidence" that the final accounting "was lacking or . . . should not be approved." The record also shows that the annual accounting was audited and approved by two other independent entities. Given the previous audits, and Chapman's opportunity to cross-examine Tophen on all aspects of the accounting, we discern no abuse of discretion.

Chapman and Kinzer next challenge the denial of Kinzer's post-hearing petition to surcharge the conservator based on alleged misconduct. The district court denied the petition as untimely. A district court may "upon its own initiative . . . dismiss an action or claim for failure to prosecute or to comply with . . . any order of the court." Minn. R. Civ. P. 41.02(a). We will not reverse an involuntary dismissal under rule 41.02(a) absent a clear abuse of discretion. *Chahla v. City of St. Paul*, 507 N.W.2d 29, 32 (Minn. App.

6

1993) (citing *Bonhiver v. Fugelso, Porter, Simich & Whiteman, Inc.*, 355 N.W.2d 138, 144 (Minn. 1984)), *review denied* (Minn. Jan. 20, 1994).

At the conclusion of the hearing, the district court directed the parties to file all post-hearing objections and arguments by August 23. Kinzer did not advise the district court that she intended to file a petition to surcharge the conservator, and she did not do so until September 17. On appeal, Kinzer asserts that the August 23 deadline should not apply to the surcharge petition. We disagree. Kinzer filed her petition a month after the final hearing, and it was well within the district court's discretion to adhere to the agreed upon post-hearing deadline in order to efficiently resolve the conservatorship's affairs. And, as the conservator notes, many of the allegations in the petition are identical to Kinzer's objections to the final accounting, which we have rejected. On this record, we conclude the district court did not abuse its discretion in denying the petition to surcharge the conservator.

## III.    The district court did not otherwise err in approving the final accounting.

Upon the termination of a conservatorship, a conservator must submit a final accounting to the court. Minn. Stat. § 524.5-420(a) (2012). The report must contain a listing of assets under the conservator's control and "a listing of the receipts, disbursements, and distributions during the reporting period." Minn. Stat. § 524.5-420(b) (2012). We review a probate court's approval of a conservator's accounting for clear error. *In re Conservatorship of Moore*, 409 N.W.2d 14, 16-17 (Minn. App. 1987). Clear error exists when the district court's findings are not supported by the evidence. *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 102 (Minn. 1999).

Chapman and Kinzer argue that the final accounting contains numerous inaccuracies, and does not include source documentation of expenditures, disbursements, or income. We are not persuaded. The evidence includes an audited accounting for the period of October 2011 through October 2012, supplemented with Tophen's testimony. Tophen testified that the CAAP, the Social Security Administration, and Hennepin County Adult Protection each reviewed and approved the audited accounting. Tophen also provided detailed testimony regarding the conservatorship's income and expenses for the rest of the conservatorship period. As the district court noted, Chapman's attorney had the opportunity to cross-examine Tophen regarding all aspects and phases of the conservatorship, and Chapman ultimately withdrew all objections to the final accounting except the requested attorney fees. Only Kinzer objected to the final accounting. And she provides no legal authority to support the proposition that section 524.5-420(b) requires a conservator to include extensive source documents, such as invoices, receipts, bank statements, or cancelled checks, in connection with the final accounting. On this record, we conclude that the district court did not clearly err by approving the final accounting.

**Affirmed in part and remanded.**